(No. 39760.—

RALPH GILMORE, Appellee, *vs.* TOLEDO, PEORIA & WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

CASSIDY, CASSIDY, QUINN & LINDHOLM, of Peoria, (JOHN E. CASSIDY, SR., of counsel,) for appellant.

JAMES A. DOOLEY, of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Ralph Gilmore brought this action against the Toledo, Peoria & Western Railroad under the Federal Employers' Liability Act to recover damages for injuries suffered while inspecting tracks. The judgment for $66,650 entered on the verdict was affirmed by the Appellate Court, Third District (64 Ill. App. 2d 218,) which thereafter granted a certificate of importance.

Plaintiff was employed as a track inspector. He patrolled tracks and rights of way to discover defects or ob-

structions which might endanger or hinder the free passage of trains and other vehicles using the rails. He was to examine the roadbed, keep a lookout for anything wrong, and report conditions which might endanger the safety of employees, trains or cargo. His injury was sustained about 2 P.M. on Saturday, November 23, 1957, when the gasoline motor car he was riding on an inspection tour of the tracks and right of way was derailed. The derailment was caused by the right front wheel colliding with an object known as a "rail anchor" which someone had placed on the track. (A rail anchor is a piece of steel shaped like a horse shoe. It is two or three pounds in weight, nine inches long, and about an inch thick at its widest point. Rail anchors are fastened underneath the bottom flange of the rail on each side of the wooden tie, their purpose being to prevent the rail from "creeping".)

Plaintiff's attention was attracted by a clatter in the wheels of his car. He looked backward to ascertain the cause, and when he turned his head in the direction in which he was traveling it was too late to avoid hitting the rail anchor. He was traveling about 15 miles per hour at the time.

Three weeks before the occurrence some four miles of new rail had been laid in the vicinity, and the evidence showed that spikes, rail anchors and various kinds of scrap material had been left lying along the right of way. On the morning of the accident a freight train had proceeded over the same tracks about 9 A.M. and a foreman and another employee who had walked along the same stretch of tracks at 11 A.M. testified the rail was clear of obstruction at that time. There is no evidence showing how the anchor came to be on the tracks or who placed it there.

The sole evidence relied on to prove negligence of the defendant was leaving objects lying along the shoulder or right of way and failing to pick up unused or replaced materials after repair work, on the theory that it was possible

that small boys or persons with criminal designs would place the objects on the track. Defendant contends the accident was caused either by the criminal or reckless act of a third party in placing the object on the track, or by the negligence of the plaintiff himself in failing to observe it in time; that defendant's carelessness, if any, in leaving metal pieces on the shoulder in proximity to the tracks had no effect in producing the injury. The plaintiff claims that it is unnecessary in F.E.L.A. cases to show defendant's act was a proximate cause, that it is enough if it merely "plays a part" in the injury or death.

This evidently was the view of the trial judge for, at the conclusion of the evidence, he allowed allegations of proximate cause to be deleted from the complaint and refused certain instructions on proximate cause tendered by the defendant. The appellate court, on the assumption that proximate cause means "a sole, efficient producing cause" also considered it unnecessary to a cause of action under the Federal Employers' Liability Act.

That act declares railroads liable in damages for injuries to an employee "resulting in whole or in part" from the negligence of any of its officers, agents or servants. (Title 45 U.S.C.A. sec. 51.) Thus, the act has enlarged or broadened the scope of actionable causation.

In *Dowler* v. *New York, Chicago and St. Louis Railroad Co.* 5 Ill.2d 125, a section hand sustained leg burns when creosote on his overalls was ignited by a fire he built to warm himself. For two or three days before the injury, he had been carrying hot creosote in a bucket to be applied to railroad ties and some of it had been splashed on his overalls. He knew nothing about its properties. On the day in question the temperature was below zero, and there was no shelter on the right of way where he was working. It was found that the railroad was negligent in failing to warn him of the poisonous and inflammable nature of the material and that such negligence was a cause of the injury. In up-

holding the verdict this court observed that the possibility of injury to a workman unfamiliar with the dangerous properties of creosote could have been foreseen and that a causal relation could reasonably have been found to exist. As we said at page 132: "Under the old concept of proximate cause, that cause must have been the sole, direct, and responsible cause of the injury. Contributing and related causes were not sufficient. However, the newer view in both the Federal and State courts, in cases arising under the Federal Employers' Liability Act, is that if the negligence has causal relation, or if the injury or death resulted in part from the defendant's negligence, there is liability."

In *Finley* v. *New York Central Railroad Co.* 19 Ill.2d 428, a car inspector injured his back when a car door he was prying loose with a crowbar suddenly sprang closed and he fell to the ground. The evidence was held sufficient to support findings that the railroad was negligent in failing to furnish suitable tools and that this negligence contributed at least in part to the injury.

It is clear, both from the act and from cases construing its language, that the employer's negligence need not have been the sole cause in order to warrant recovery. It is enough if there is that direct relationship between it and the injury which makes the latter one of the foreseeable results. There may be multiple results of an act or neglect, just as there may be multiple causes of a single result, but this in itself does not preclude a finding of causation.

The evidence is sufficient to support a finding that defendant was negligent in leaving rail anchors conveniently lying near the tracks and that the possibility of a criminal or otherwise wrongful act of some third person in placing the object over the rail should have been foreseen. (*Cf. Ney* v. *Yellow Cab Co.* 2 Ill.2d 74.) The fact that contrary inferences could be equally supported by the evidence is not sufficient to show unreasonableness of the verdict. *Finley* v. *New York Central Railroad Co.* 19 Ill.2d 428.

Defendant tendered instructions on causation which sought to tell the jury that plaintiff had the burden of proving that defendant's negligence was, in whole or in part, the "proximate cause" of the injury, that if the plaintiff's negligence was the sole "proximate cause" of the accident then the railroad is not liable, and that if the sole and "proximate cause" of the accident was due to the action of some third person and nothing defendant did or failed to do "proximately caused" or contributed to cause the injury, then the plaintiff is not entitled to recover. The trial judge ordered the instructions modified by deleting the word "proximate" or "proximately," so as to allow the word "cause" to stand unqualified by the term "proximate." Defendant asserts this ruling to be error, claiming that the negligent act must be a direct cause, whether the sole one or combined with others, and that by eliminating the word "proximate" the court permitted the jury to "make its own unrestricted decision concerning a relationship between the negligent act and the injuries."

It is apparent from what we have already said that an instruction saying defendant's negligence must be in whole or in part "the cause" of the injury is an adequate one in an F.E.L.A. case. The addition of the word proximate would add nothing and is not essential. *Cf. DeLima* v. *Trinidad Corp.* (2d cir.) 302 F.2d 585; *Terrell* v. *Missouri-Kansas-Texas R. Co.* (Mo.) 303 S.W.2d 641.

Defendant makes other charges of trial errors, involving amendment of the complaint, questioning of witnesses, admission of photographs in evidence, statements in the closing argument of counsel, and the giving and refusal of instructions. We have considered all of such objections and find no error sufficiently prejudicial to warrant reversal.

The judgment of the appellate court affirming the circuit court of Peoria County is affirmed.

*Judgment affirmed.*