Nora Banks, Plaintiff-Appellee, *v.* United Insurance Company of America, Defendant-Appellant.

(No. 59642;

First District (3rd Division)—April 17, 1975.

■■■■■■■■■■■■

Robert P. Brandenburg and Dominick Varraveto, both of Chicago, for appellant.

Sheldon A. Harris, Gary E. Dienstag and Adolph L. Haas, all of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Nora Banks was the beneficiary of five policies written by the United Insurance Company of America on the life of her mother, Lucille Osborne. Mrs. Osborne died on May 11, 1971, from acute myocardial infarction and generalized arteriosclerosis. United refused payment and Mrs. Banks filed this action to recover the proceeds of the policies. The trial court found in her favor and awarded her a judgment of $6,890 and costs.

Although a number of issues have been raised by United, we need only treat the contention that the controversy was not resolved on its merits because the court misapplied Supreme Court Rule 216 and section 46 of the Civil Practice Act.

The complaint alleged that the five policies were in full force and effect at the time of Mrs. Osborne's death, that the terms and conditions of the policies had been performed and that the refusal of United to pay over the benefits was vexatious and unreasonable. United's answer admitted the issuance and delivery of the policies, but denied performance of all their conditions and that any of the policies was in full force and effect at the time of Mrs. Osborne's death. The denials were not specific and the answer raised no affirmative defense.

One of the conditions common to all the policies was that they were voidable by the insurance company during the period of contest if the insured had been hospitalized for a serious illness within 2 years prior to the date of their issuance, unless the illness was reported in the policy applications or noted on the policies themselves. Mrs. Osborne died on May 11, 1971, before the expiration of the period of contest. In October 1972 pursuant to Rule 216 (Ill. Rev. Stat. 1971, ch. 110A, par. 216), United served Mrs. Banks with a notice to admit certain facts and the authenticity of certain documents. The requested admissions would have established that Mrs. Osborne died from an illness for which she had been

hospitalized repeatedly, both before and after the dates of the policies, but which was not reported on the applications signed by her.

Five months passed before a response was filed to the notice. In her unsworn answer Mrs. Banks refused either to confirm or deny any of her mother's hospital stays "as she has no knowledge of the exact dates, but demands strick [*sic*] proof thereof." She claimed no knowledge from which to admit or deny the purported diagnoses. She would not concede the authenticity of the insurance applications because "the copies tendered to her are so poor in quality that she is unable to read same." United moved for a finding by the motion judge that the matters sought by its notice to admit should stand admitted. The motion was denied.

At the trial United called as witnesses the records librarian at Mary Thompson Hospital and Dr. Arnold Kaplan, to confirm the truth of Mrs. Osborne's several lengthy confinements in the hospital and the reasons for them. Their testimony was given over the objection of Mrs. Banks who contended that it related to an affirmative defense of fraud or misrepresentation, which United had not pleaded. The court ultimately adopted her view and the testimony was stricken. United responded with an oral motion for leave to file an amended answer alleging material misrepresentation, and tendered its proposed amendment in writing at the close of the plaintiff's case. The plaintiff claimed surprised and the motion was denied. United also renewed its motion that the court declare admitted the matters requested in its notice to admit. This, too, the trial court refused, explaining that it could not countermand the ruling of the judge who had denied the previous motion.

Supreme Court Rule 216 provides that "A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." To avoid admitting either requested factual matters or the authenticity of proffered documents, the party to whom the request is directed must, within 28 days after service, return to the requesting party either;

> "(1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." Ill. Rev. Stat. 1971, ch. 110A, par. 216(c)(1), (2).

■■ The plaintiff did neither. Her reply was deficient in several respects. She failed to specifically deny the matters requested or to adequately explain her refusal. Purporting not to know the exact dates of her mother's hospitalizations, each of which lasted several weeks, she

denied them entirely and demanded their proof at trial. She claimed ignorance as to the nature of her mother's illnesses, despite the fact that they had lived together. Her patently evasive response contravened Rule 216 which provides:

> "A denial shall fairly meet the substance of the requested admission. If good faith requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder." (Ill. Rev. Stat. 1971, ch. 110A, par. 216(c).)

Further, her failure to attest to her answer made worthless its already tenuous claim to credibility. Finally, for no discernable or suggested reason, the answer was returned long after the 28-day deadline had passed. Each of these reasons by itself required that the requested facts stand admitted and the accompanying documents be deemed authentic. Unless the party, to whom a notice to admit is directed, conforms his response to the framework provided by the Rule, "[e]ach of the matters of fact and the genuineness of each document of which admission is requested is admitted * * *." Ill. Rev. Stat. 1971, ch. 110A, par. 216(c).

■■ The plaintiff defends the ruling of the motion judge and the trial judge on the ground that the requested admissions pertained to affirmative defenses of fraud and misrepresentation which were never pleaded. It is not for a party to decide the relevance of a requested admission. If there are grounds for objection, appropriate procedure under subsection (c) (2) of Rule 216, quoted above, is to return written objections to the requesting party within the 28-day period permitted for reply. Since she failed to take such recourse, the plaintiff waived any otherwise valid objection to the relevancy of the admissions requested in the notice.

The ruling of the motion judge was erroneous. The trial judge was also mistaken in his belief that he had no authority to rule contrary to the motion judge. He was not only empowered but bound to correct a wrong ruling, and erred in failing to do so. *Scardina v. Colletti* (1965), 63 Ill.App.2d 481, 211 N.E.2d 762.

While our disposition of the Rule 216 issue is determinative of the appeal we will, because of remandment, consider United's contention that the court erred in refusing to permit it to amend its answer to add the affirmative defenses of material misrepresentation and nonpayment of premiums.

Section 46 of the Civil Practice Act permits the amendment of pleadings at any time before final judgment to change or add a cause of action or defense, "on just and reasonable terms." (Ill. Rev. Stat. 1971, ch. 110, par. 46(1).) The section is phrased broadly, reinforcing the general imperative of section 4 that the Act is to be liberally construed "* * * to

the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Ill. Rev. Stat. 1971, ch. 110, par. 4.

> "This philosophy of construction precludes the determination of the rights of parties litigant upon the technicalities of pleading when such rights may, within the letter and spirit of the act, be adjudicated on their merits." *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 77, 147 N.E.2d 329.

■■ The power to allow amendments should be freely used so that a party may fully present his case. (*Scardina v. Colletti.*) Despite this extensive freedom, a party has no absolute right to amend his pleading. It is for the trial court to decide, in the first instance and in the exercise of sound discretion, whether to allow a proposed amendment. The appellate court will intervene only if, having view of the peculiar facts and circumstances of a case and the impact upon all the parties of permitting or not permitting the motion, it determines that the initial ruling does not further the ends of justice. *Ennis v. Illinois State Bank* (1969), 111 Ill.App.2d 71, 248 N.E.2d 534.

■■ The amendment should have been allowed. The additional defense of material misrepresentation would have been a complete one, according to the provisions of both the policies and the pertinent statute. (Ill. Rev. Stat. 1971, ch. 73, par. 766; *Campbell v. Prudential Insurance Company of America* (1958), 15 Ill.2d 308, 155 N.E.2d 9.) The factual allegations of the amendment were strongly supported by the testimony of the records librarian and Doctor Kaplan. To refuse to permit new pleadings essential to the presentation of a party's defense, when a strong showing has been made as to their truth, defeats justice in the absence of a showing of prejudice to the opposing party. *Hunziker v. Mulcahey* (1919), 215 Ill.App. 508; *Gilmore v. Toledo, Peoria & Western R.R. Co.* (1965), 64 Ill.App.2d 218, 212 N.E.2d 117, *aff'd*, 36 Ill.2d 510, 224 N.E.2d 228.

■■ The plaintiff claimed surprise and prejudice due to the delay in proposing the affirmative defense. The bare assertion of prejudice was unsubstantiated and any surprise could have been cured with a continuance, which United suggested when it offered its amendment. To substantiate a charge of prejudice the complaining party must rely on something more than mere inconvenience occasioned by delay. The delay must operate to hinder his ability to present his case on its merits. A party cannot claim prejudice simply because his opponent's late plea may be dispositive. To the contrary, the merit of the plea supplies the impetus for allowing its late admission.

In view of the facts and circumstances of the case and the impact of the ruling on the positions of the parties, we find that the failure to

permit the defendant's proposed amendment did not serve the ends of justice and was an abuse of the court's discretion.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

McNAMARA and MEJDA, JJ., concur.