F. J. PECHMAN, INC., Plaintiff-Appellant, *v.* KITTY OLDHAM, d/b/a Cardinal Studio, Defendant-Appellee.

Fifth District   No. 79-274

Opinion filed August 1, 1980.

William E. Aulgur, of Eldorado, for appellant.

Joseph J. Neely, of Neely & Neely, of Metropolis, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, F. J. Pechman, Inc., brought an action in the Circuit Court of Massac County to recover monies alleged to be due and owing to it by defendant, Kitty Oldham, doing business as Cardinal Studios. The failure of plaintiff to provide a timely response to certain requests to admit facts prompted the trial court to grant summary judgment in favor of defendant. Plaintiff appeals from the order granting summary judgment.

Plaintiff raises the following issues on appeal: (1) whether the requests to admit facts required plaintiff to state conclusions rather than facts; (2) whether the requests to admit facts concerned matters not in controversy; (3) whether the trial court erred in granting summary judgment; and (4) whether summary judgment constituted an improper sanction under Supreme Court Rule 219(c) for failure to respond to the requests to admit facts.

On April 15, 1978, plaintiff filed a verified complaint alleging that defendant was indebted to it in the sum of $3,402.29 for merchandise and services that it alleged to have furnished to defendant after allowances for all just credits due defendant. Defendant's answer denied all material allegations pertaining to plaintiff's claim and asserted that it was not entitled to the relief sought.

A request to admit facts together with proof of service was filed by defendant on February 6, 1979, which states as follows:

"1. That after the allowance unto the Defendant of all just credits there remains nothing due and owing unto Plaintiff from Defendant.

2. That all claims against Defendant by Plaintiff have been fully paid and satisfied."

In a response filed March 19, 1979, plaintiff denied each of defendant's requests to admit facts. Moreover, the response contained no objection to either the form or the substance of the requested admissions. The following day defendant filed a motion for summary judgment. Plaintiff filed no counteraffidavits in response to the motion.

At the conclusion of the hearing on the motion, the trial court found as follows:

"1. That this Court has jurisdiction of the parties hereto and the subject matter hereof;

2. That the Plaintiff failed to respond to the Defendant's Request to Admit Facts within the twenty-eight day period set forth by Supreme Court Rule 216(c);

3. That the Plaintiff's Response to Defendant's Request to Admit Facts, even if the same had been timely filed, was not sufficient to constitute a sworn statement pursuant to Supreme Court Rule 216(c);

4. That by reason of Plaintiff's failure to make any response to Defendant's Request to Admit Facts within 28 days after service thereof, all matters set forth in said Request are admitted by Plaintiff, the same being relevant facts;

5. That the pleadings, affidavits, and admissions on file, show that there is no genuine issue as to any material fact;

6. That the Defendant is entitled to judgment as a matter of law."

Judgment was entered in favor of defendant, and plaintiff's cause of action was dismissed with prejudice.

■■ In its first two issues, plaintiff assigns as error the conclusory and irrelevant nature of the requests to admit facts. However, it is precluded from raising these issues on appeal because it failed to object to the form or substance of the requests in its response. Supreme Court Rule 216(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 216(c)) provides:

"Each of the matters of fact * * * is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. * * *"

A written objection filed within the 28-day period as prescribed by subsection (c)(2) is a prerequisite to challenging the content of the request

for admissions, and failure to take such recourse constitutes a waiver of any otherwise valid objection. *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167.

Next, plaintiff contends that the trial court abused its discretion by granting defendant summary judgment and dismissing its cause of action. We find no merit to this contention.

■■ Defendant's request for admissions of facts was filed with proof of service on February 6, 1979. Service was effected by mailing a copy of the request to plaintiff's counsel at his place of business. Since service by mail is complete four days after mailing under the provisions of Supreme Court Rule 12(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 12(c)), service was completed on February 10, 1979. Under Rule 216, matters included in a request for admissions stand admitted unless the party receiving the requests avails himself of one of the statutory alternatives under subsection (c) within 28 days after service. These alternatives are either to deny the matters sought to be admitted, to explain why the matters cannot be truthfully admitted or denied, or to present written objections to the content of the matters requested. Plaintiff chose the first alternative but did not file a response until March 19; consequently, its response was untimely and the facts included in the request for admissions were deemed admitted. (*Crum v. Gulf Oil Corp.* (1973), 12 Ill. App. 3d 988, 299 N.E.2d 820; *Banks v. United Insurance Co. of America.*) The import of the requested admissions of fact is that defendant owes plaintiff no money. Since the issue in this case is whether defendant is indebted to plaintiff in the sum of $3,402.29, summary judgment was proper, for there were no material questions of fact left to be resolved.

■■ Finally, plaintiff asserts that summary judgment is an improper sanction under Supreme Court Rule 219(c) where other less drastic alternatives were available to the court. Plaintiff in essence argues that summary judgment based upon judicial admissions made pursuant to Supreme Court Rule 216(c) constitutes the imposition of a sanction under Rule 219(c). Such is not the case. This court in *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 557, 375 N.E.2d 865, 869, considered an identical argument and stated:

> "From defendant's citation of authority, it is apparent that he has misconstrued the basis for the court's ruling. He has cited two decisions to this court both of which deal with sanction orders imposed under Supreme Court Rule 219(c) for unreasonable refusals to comply with discovery provisions. The instant order, however, was not entered on the authority of that rule but rather by operation of Rule 216(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 216(c)), dealing with requests for admission of facts."

In the case at bar, the court was not imposing sanctions against plaintiff.

It was confronted with a motion for summary judgment filed by defendant which was based on admissions by plaintiff that there remained nothing due and owing to it from defendant and that all claims against defendant by plaintiff have been fully paid and satisfied. Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)), governing motions for summary judgment, provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

By reason of the fact that plaintiff is deemed to have admitted the facts included in the request for admissions, there is no genuine issue as to any material fact; therefore, defendant is entitled to a judgment in her favor as a matter of law, and her motion for summary judgment was properly granted.

For the foregoing reasons, the judgment of the Circuit Court of Massac County is affirmed.

Affirmed.

JONES, P. J., and HARRISON, J., concur.