BLANCHE LINDGREN, Plaintiff-Appellant, v. FIRST NATIONAL BANK OF WYANET, Defendant-Appellee.

Third District   No. 3—84—0409

Opinion filed January 30, 1985.

372

Thomas R. Appleton, of Presney, Huffman, Kelly & Appleton, of Springfield, for appellant.

Paul M. Scoma, of Johnson, Martin & Russell, P.C., of Princeton, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Blanche Lindgren, brought the instant action seeking damages from the defendant, First National Bank of Wyanet (hereinafter the Bank), for breach of its duty in accepting Series E United States savings bonds. The trial court granted summary judgment for the defendant, and this appeal followed. We affirm.

The Bank submitted the admissions and the deposition of the plaintiff in support of its motion for summary judgment. From this record, it appears that Mr. James Miller contacted the plaintiff and her brother in the fall of 1981. Representing himself as an estate planner, Miller offered to invest the plaintiff's money for her. The plaintiff gave Miller a lump sum to invest in November 1981.

In January of 1982, Miller asked the plaintiff if she had any bonds which she wished to cash in order to invest in an investment company. The plaintiff went alone to the Bank of Wenona and removed her Series E bonds, with a total value of $30,000, from her safe deposit box.

On January 11, 1982, Miller went to the plaintiff's home. He requested that the plaintiff endorse the bonds. He then telephoned the Bank to determine the value of the bonds. Miller dictated a note which the plaintiff transcribed in longhand. The note requested that Mr. Eric Paul of the Bank cash the bonds and certified that the plaintiff had endorsed the bonds. Miller took the endorsed bonds to the Bank. The plaintiff did not accompany him. The Bank cashed the bonds despite the plaintiff's absence. When Miller failed to invest the plaintiff's money for her, the plaintiff brought separate actions against Miller and the Bank. The plaintiff filed a multicount complaint

against the Bank. In count I, she alleged that the Bank had a fiduciary duty of care to the public and to holders of securities issued by the United States. In count II, she alleged that the Bank had a duty under relevant Federal statutes and regulations to refrain from cashing bonds not presented by the owner. In count III, she alleged that the Bank had a duty to perform its services in a manner not grossly negligent. Counts IV, V and VI were substantially the same as counts I, II and III, respectively, but with prayers for increased damages. In each of counts I through VI, the plaintiff alleged that the Bank breached its duty and that this breach was the proximate cause of the plaintiff's injury.

The Bank filed a motion for summary judgment, asserting that there was no arguable question of fact and that, as a matter of law, its failure to require the plaintiff's presence was not the proximate cause of her injury. The trial court granted the motion for summary judgment, finding that proximate cause had not been established.

The Federal regulation governing the redemption of Series E bonds provides that the bonds must be presented for redemption to a paying agent by the owner and the owner must establish his identity to the agent. (31 C.F.R. sec. 321.15 (1982).) The purpose of this requirement is to obviate, as much as possible, fraud, peculation and other such misconduct in connection with the cashing of the bonds. *West Philadelphia Federal Savings & Loan Association v. United States* (E. D. Pa. 1966), 256 F. Supp. 538.

■ A Series E bond issued by the United States is a Federal contract which creates contractual rights in the parties to the bond. (*Estate of Curry v. United States* (6th Cir. 1969), 409 F.2d 671.) A bank redeeming a Series E bond must comply with the regulations governing redemption which are an implied part of the contract between the parties to the bond. (*Wolak v. United States* (D. Conn. 1973), 366 F. Supp. 1106.) The redeeming bank, as an agent of the United States, is liable for the foreseeable damages resulting from a breach of the contract. *Wolak v. United States* (D. Conn. 1973), 366 F. Supp. 1106.

In the instant case, the plaintiff brought her action based upon three underlying tort theories. The plaintiff premised counts I, III, IV and VI upon common law duty. The plaintiff based count I of her action on a common law fiduciary duty of the Bank to know endorsements and to protect the holders of securities issued by the United States. Count III was similarly premised upon a common law duty to refrain from gross negligence. The common law of Illinois, however, does not recognize either of these actions.

The plaintiff relies on the decision in *Maley v. East Side Bank*

(7th Cir. 1966), 361 F.2d 393, in which the plaintiff sued the defendant bank for gross negligence in disbursing corporate funds to a corporate officer. The plaintiff asserts that the court in *Maley* created a common law duty on the part of banks to refrain from gross negligence in the performance of banking functions. It is clear from a reading of *Maley* that the court utilized the principles of gross negligence in the context of the contractual rights of the parties as established under the Uniform Commercial Code. Both the court in *Maley* and the court in the subsequent decision of *United Milk Products Co. v. Michigan Avenue National Bank* (7th Cir. 1968), 401 F.2d 14, which relied on *Maley*, resolved the bank's liability by looking to a "high standard of *contractual* responsibility." (Emphasis added.)

▉ The parties have cited no authority for the imposition of liability upon the Bank based upon common law negligence. Absent such authority, we find that the Bank had no common law duty, under either the law of Illinois or Federal law, to act as a fiduciary and protector of owners of United States government securities. We similarly find that the Bank had no common law duty, under either Illinois or Federal law, to refrain from gross negligence.

▉ The plaintiff alleged in counts II and V of her complaint that the Bank breached a statutory duty. She correctly asserts that a duty was imposed upon the Bank under the terms of the applicable Federal regulations. However, as discussed above, this duty was a contractual duty. (*Estate of Curry v. United States* (6th Cir. 1969), 409 F.2d 671.) No duty existed outside the contractual relationship, and breach of this duty was a breach of the contract. (*Wolak v. United States* (D. Conn. 1973), 366 F. Supp. 1106.) Accordingly, we find that the plaintiff was limited to a contractual remedy for breach of the Bank's duty. The plaintiff failed, however, to plead any cause of action based upon the Bank's breach of contract.

▉ ▉ The trial court in the case at bar granted the Bank's motion for summary judgment. Summary judgment is properly granted when the record demonstrates that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. (*Heller v. Sullivan* (1978), 57 Ill. App. 3d 190, 372 N.E.2d 1036.) A reviewing court may consider the entire record and should affirm the trial court's judgment if any basis exists for so doing. (*Northern Trust Co. v. Winston* (1975), 32 Ill. App. 3d 199, 336 N.E.2d 543.) A court reviewing the granting of summary judgment is not limited to the precise reasons expressed by the trial court. *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865.

In the instant case, the facts were not disputed. Further, the defendant was entitled to judgment as a matter of law because the plaintiff failed to plead a cause of action for which recovery could be had.

Accordingly, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.