ORTHOPEDIC & RECONSTRUCTIVE SURGERY, S.C., Plaintiff-Appellee, v. ELENA KEZELIS, Defendant-Appellant.

First District (1st Division)   No. 85—2864

Opinion filed July 21, 1986.

James M. Hofert, of Chicago, for appellant.

Law Offices of Lawrence Friedman, of Chicago (Ira T. Nevel, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, Orthopedic & Reconstructive Surgery, S.C., brought an action in contract against the defendant, Elena Kezelis, seeking recovery in the amount of $1,480 for services allegedly rendered in 1978 when defendant was a patient at Rush-Presbyterian St. Luke's Hospital in Chicago. The plaintiff filed a motion for summary judgment based on its second amended complaint. At a hearing on July 18, 1985, the trial court granted the plaintiff's motion for summary judgment and denied the defendant's motion to dismiss. On July 30, 1985, the defendant filed a motion to vacate the summary judgment, which was denied on August 8, 1985. Subsequently, the defendant filed a motion for reconsideration on August 21, 1985, and a notice of appeal on September 5, 1985. On December 2, 1985, defendant's motion for reconsideration was stricken from the record.

The issue presented in this appeal is whether the trial court erred in granting the plaintiff's motion for summary judgment.

On February 9, 1984, Orthopedic & Reconstructive Surgery, S.C., filed a complaint against Elena Kezelis seeking payment for medical services rendered while she was a patient at Rush-Presbyterian St. Luke's Hospital in Chicago on or about September 1978. The plaintiff's cause of action is based on a contract between Rush-Presbyterian St. Luke's Hospital and Mrs. Kezelis. The contract provides in pertinent part:

> "For and in consideration of hospital care to the above as patient, I/we agree to pay the established rates at Rush-Presbyterian St. Luke's Medical Center for all services, facilities and supplies rendered hereunder."

On March 7, 1984, Mrs. Kezelis filed a motion to dismiss, alleging that the complaint failed to state a cause of action in contract, and that even if such a cause of action could be established it was barred by the statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—205). This motion was ultimately stricken on March 28, 1985, due to Mrs. Kezelis' failure to appear.

On April 6, 1985, plaintiff filed its first amended complaint, and

thereafter, on March 19, 1985, plaintiff filed a second amended complaint. Mrs. Kezelis filed a motion to dismiss the second amended complaint on May 9, 1985, alleging that the contract relied on by the plaintiff as the basis for its complaint was between Rush-Presbyterian St. Luke's Hospital and Mrs. Kezelis, as opposed to Orthopedic & Reconstructive Surgery, S.C., and Mrs. Kezelis. At a hearing on May 24, 1985, with both parties present, the motion to dismiss was continued until July 18, 1985.

On June 4, 1985, plaintiff filed a motion for summary judgment. The notice of motion indicated that the motion would be heard on July 18, 1985. A copy of the notice of motion and the motion for summary judgment was sent to Mrs. Kezelis' attorney on June 4, 1985. Mrs. Kezelis never filed a response to plaintiff's motion for summary judgment.

Attached to the plaintiff's motion for summary judgment was an affidavit filed by George Tourville, director of the Automated Medical Account Services, a wholly owned subsidiary of Rush-Presbyterian St. Luke's Hospital. In his affidavit, Mr. Tourville stated that he was the duly appointed agent for Orthopedic & Reconstructive Surgery, S.C. He further stated that the services in question were rendered through the facilities of Rush-Presbyterian St. Luke's Hospital and that there was a balance of $1,480 for services received by Elena Kezelis. Mr. Tourville also stated that on various occasions since her discharge from Rush-Presbyterian St. Luke's Hospital in 1978, Mrs. Kezelis had told him and his employees that she owed the debt, but that the insurance company was refusing to pay the bill. Mr. Tourville also indicated in the affidavit that Mrs. Kezelis did not dispute the reasonableness of the charges or the services rendered.

On July 18, 1985, the trial court denied Mrs. Kezelis' motion to dismiss and granted plaintiff's motion for summary judgment. Neither Mrs. Kezelis nor her attorney were present at the hearing. Thereafter, on July 30, 1985, Mrs. Kezelis, as previously stated, filed a motion to vacate the summary judgment. Attached to the motion was an affidavit alleging that employees in the offices of the plaintiff's attorney had informed the secretary of the defendant's attorney that the hearing on the motion to dismiss and the motion for summary judgment were set for August 15, 1985, the day the trial of this case was scheduled to begin. The motion to vacate further alleged that summary judgment was improper because the plaintiff failed to demonstrate the existence of a contractual relationship between the parties, and that even assuming *arguendo* there was such a relationship, the cause of action was barred by the statute of limitations. Ill. Rev. Stat.

1983, ch. 110, par. 13—205.

Additionally, on August 7, 1985, Mrs. Kezelis executed and later filed an affidavit in which she admitted signing a contract with Rush-Presbyterian St. Luke's Hospital, but denied having entered into a contract with Orthopedic & Reconstructive Surgery, S.C.

The trial court denied Mrs. Kezelis' motion to vacate on August 8, 1985. On August 21, 1985, Mrs. Kezelis filed a motion for reconsideration which, as stated previously, was stricken by the trial court of December 2, 1985. On September 5, 1985, Mrs. Kezelis filed her notice of appeal.

■ On appeal, Mrs. Kezelis argues that the motion for summary judgment was improperly granted because the complaint fails to state a cause of action in contract, and that even if such a cause of action can be established, plaintiff's suit is barred by the statute of limitations. (Ill. Rev. Stat. 1983, ch. 110, par. 13—205.) We agree with Mrs. Kezelis' argument that the trial court erred in granting plaintiff's motion for summary judgment for the reasons set forth below.

■ Plaintiff alleges in its second amended complaint that it is entitled to compensation for services rendered to Mrs. Kezelis through the use of the facilities and supplies at Rush-Presbyterian St. Luke's Hospital. The complaint, however, fails to plead any facts demonstrating that the plaintiff's right to recovery is based on any contractual relationship between itself and Mrs. Kezelis. The written contract through which relief is sought is clearly between Rush-Presbyterian St. Luke's Hospital and Mrs. Kezelis, and contains no reference to Orthopedic & Reconstructive Surgery, S.C. Furthermore, the affidavit filed by the plaintiff in support of its motion for summary judgment fails to allege any identity of interest between itself and Rush-Presbyterian St. Luke's Hospital. In fact, nothing in the affidavit demonstrates the existence of a right on the part of the plaintiff to seek compensation on the basis of the contract between Rush-Presbyterian St. Luke's Hospital and Mrs. Kezelis. (See *Main Bank of Chicago v. Baker* (1981), 86 Ill. 2d 188, 204, 427 N.E.2d 94.) The only asserted connection between the two corporations is Mr. Tourville's statement in the affidavit that he is employed by a subsidiary of Rush-Presbyterian St. Luke's Hospital and that the subsidiary is a duly appointed agent for Orthopedic & Reconstructive Surgery, S.C. No further connection between the plaintiff and Rush-Presbyterian St. Luke's Hospital is referenced in the supporting affidavit of the plaintiff. Assuming *arguendo* that the hospital's subsidiary was the agent for the plaintiff, this fact alone is insufficient to establish an identity of interest between the plaintiff and Rush-Presbyterian St. Luke's Hospital. The

fact that one corporation may own stock in another corporation does not create an identity of interest; the entities are separate and distinct under the law. 86 Ill. 2d 188, 204, 427 N.E.2d 94.

Thus, the record in this case fails to demonstrate any basis for an inference that Mrs. Kezelis ever entered into a contractual relationship with the plaintiff, or that the plaintiff is a beneficiary of, or a party to, a contract between Mrs. Kezelis and Rush-Presbyterian St. Luke's Hospital. It is well settled in Illinois that a complaint failing to state a cause of action cannot support a judgment, and that the failure to state a cause of action cannot be waived and may be raised at any time. (*People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920, 925, 373 N.E.2d 530.) Therefore, the plaintiff in this case was not entitled to summary judgment because it failed to plead a cause of action on which recovery could be had. See *Lindgren v. First National Bank* (1985), 130 Ill. App. 3d 371, 375, 474 N.E.2d 427.

Mrs. Kezelis further contended in this appeal that the trial court's granting of the motion for summary judgment was null and void since she had been given no notice that the motion was scheduled to be argued on July 18, 1985. While it is technically unnecessary to consider this contention because of our conclusion above, we, nevertheless, do consider it because of the nature of our disposition here, which requires the cause to be remanded, and find no merit in Mrs. Kezelis' argument.

In her brief, Mrs. Kezelis incorrectly refers to the July 18, 1985, order granting summary judgment as having been entered *ex parte*. An *ex parte* order is an order "originally granted at the instance and for the benefit of one party, without notice to or contestation by any person adversely interested." (*American Re-Insurance Co. v. MGIC Investment Corp.* (1979), 73 Ill. App. 3d 316, 325-26, 391 N.E.2d 532.) The record here clearly reveals that Mrs. Kezelis was given notice of the July 18, 1985, hearing in accordance with Supreme Court Rule 11 (87 Ill. 2d R. 11), and that service was proved in compliance with Supreme Court Rule 12 (87 Ill. 2d R. 12). Supreme Court Rule 11 provides that service of papers other than process and complaint may be secured by depositing them in a post office box. Proof of such service is provided for in Rule 12, which states that service to parties of papers other than process or the complaint may be proved by "certification of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelop, and the fact that proper postage was prepaid." As stated, Rule 11 and Rule 12 were followed here, and Mrs. Kezelis' assertion that

she had not received a copy of the notice of motion is insufficient under Illinois law to justify any suggestion that the judgment is null and void. As noted by our supreme court in *Bernier v. Schaefer* (1957), 11 Ill. 2d 525, 529, 144 N.E.2d 577,

> "If the proper giving of notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method."

■ Thus, Mrs. Kezelis' argument that the order granting summary judgment was null and void because of her alleged failure to receive notice of the July 18, 1985, hearing date is erroneous. Additionally, the question of whether the judgment should be set aside here because Mrs. Kezelis' claim that her lawyer's secretary had been misled by communications with employees of plaintiff's attorneys concerning the date of the hearing is addressed solely to the sound discretion of the trial court, and a trial court's decision will not be reversed absent a clear abuse of that discretion. *Chandler v. Jet Air Freight, Inc.* (1977), 54 Ill. App. 3d 1005, 1007, 370 N.E.2d 95.

However, since, as stated above, the plaintiff failed to plead or prove a cause of action, we therefore reverse the order of the circuit court of Cook County which granted the summary judgment, and vacate its order denying the defendant's motion to dismiss.

We note, too, that the problems with this case here may have had their genesis in the complaint as presently pleaded by plaintiff, and thus, we direct the trial court to consider the propriety of striking the present complaint of the plaintiff and allowing it to replead its cause of action in an amended complaint. Of course, if the plaintiff amends its complaint, Mrs. Kezelis may again file as her response a section 2—615 motion to strike (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), a section 2—619 motion to dismiss (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), or an answer, as she deems appropriate under the circumstances presented at that time.

Accordingly, the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Judgment reversed, order vacated, and cause remanded with directions.

CAMPBELL and BUCKLEY, JJ., concur.