ILIAS ALIMISSIS, Plaintiff-Appellee, v. ANDY NANOS, Defendant-Appellant.

First District (1st Division) No. 87—0937

Opinion filed June 20, 1988.

Gessler, Flynn, Lawell, Fleischmann, Hughes & Socol, Ltd., of Chicago (George W. Gessler and William P. Jones, of counsel), for appellant.

Fitzsimmons & Bowen, of Oak Brook (J. Michael Fitzsimmons, of counsel), for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

The defendant, Andy Nanos, appeals from the circuit court order which granted the plaintiff, Ilias Alimissis, summary judgment in his suit for breach of contract and, thereafter, denied the defendant's mo-

tion to reconsider that order.

The contract which it was alleged Andy Nanos (Nanos) had breached was executed on September 10, 1985. In that document, Ilias Alimissis (Alimissis) had agreed to loan Nanos 17,000 shares of Electronic Missile Communication stock for six months and Nanos agreed to return the stock on February 10, 1986, "so that the said Alimissis would be constituted whole and not suffer any losses." The contract further stated that Nanos had pledged these shares as collateral on a personal loan. On March 19, 1986, Alimissis filed an action for breach of contract in the circuit court of Cook County after Nanos failed to return the stock as promised. Nanos was served with the summons and complaint through substitute service on his wife on April 2, 1986. On May 13, 1986, after the defendant failed to respond, the trial court entered a default judgment against Nanos based on the motion and supporting affidavit of the plaintiff. On May 27, 1986, the trial court held a proveup hearing, heard testimony, and entered a judgment order against Nanos in the amount of $187,000 plus the cost of the litigation.

Nanos filed an appearance through his first set of attorneys on June 17, 1986, and moved to vacate the default judgment. The court granted the motion over the plaintiff's written objection on July 14, 1986, and allowed the defendant 20 days in which to file his answer to the complaint. On August 4, 1986, the defendant filed his answer. The next day, the plaintiff served the defendant with a request to admit certain facts and a request for admission of the genuineness of the contract document. On October 8, 1986, the plaintiff filed a motion for summary judgment and included as supporting documents the unanswered requests, a notice of deposition, a copy of the contract, and a copy of the published market quotation for Electronic Missile Communication stock from September 9, 1985.

Defendant's first set of attorneys were permitted to withdraw from the case on October 26, 1986, and the hearing for the plaintiff's summary judgment motion was continued to December 1, 1986, to give defendant the opportunity to obtain substitute counsel. The defendant failed to appear at the December 1 hearing and did not otherwise contest the motion, and on December 5, 1986, the motion was granted. On January 2, 1987, Nanos' second set of attorneys filed their appearance and filed a motion for reconsideration of the order granting the plaintiff summary judgment. The defendant failed to appear to argue his motion for reconsideration. This motion was then stricken on January 27, 1987. The defendant filed a second motion for reconsideration which the record reflects was denied on February 26,

1987, after the trial court had heard the arguments of both parties. The record does not include transcripts of the hearings held on May 27, 1986, December 5, 1986, January 27, 1987, and February 26, 1987.

The defendant filed a notice of appeal on March 25, 1987, seeking to vacate the orders of December 5, 1986, and January 27, 1987. The defendant then failed to file his appellant's brief within the statutory time. On July 16, 1987, this court granted the defendant's appellate attorneys' motion to withdraw. On August 6, 1987, the plaintiff filed a motion to dismiss this appeal for want of prosecution, and, on August 14, 1987, a third set of attorneys filed an appearance for the defendant and objections to the motion to dismiss. This court then denied the plaintiff's motion to dismiss.

In his appeal, defendant Nanos argues that the underlying complaint failed to state a cause of action and that, in any event, summary judgment was improper because genuine issues of material fact exist concerning the contract. The factual issues which Nanos contends exist to defeat a summary judgment motion include the intent of the parties regarding the conduct that constitutes a material breach, what remedy would be available in the event of a breach, and what would be the proper measure of damages. Consequently, Nanos contends that despite the alleged legal insufficiency of the complaint, this court must vacate the trial court order granting summary judgment to the plaintiff and remand the cause for a trial on the merits.

On the other hand, the plaintiff argues that the trial court properly granted summary judgment on his complaint. The plaintiff contends that no material issue of fact was created when Nanos denied without particularity every allegation of the complaint in his answer. Alimissis notes that the defendant's motion to vacate the default judgment alleged fraudulent inducement as his only defense and that this issue was resolved against the defendant when Nanos failed to respond within 28 days to plaintiff's request to admit the genuineness of the document. The plaintiff argues that, contrary to the defendant's contention that the requests to admit were irrelevant and not part of the motion for summary judgment, in fact, the requests to admit were raised on the face of his motion, and further, in the absence of a transcript, which was the responsibility of the defendant-appellant to provide, this court must presume that the trial court properly applied the law to the facts.

The defendant argues that his case is legally in the same posture as was the case of *Orthopedic & Reconstructive Surgery v. Kezelis* (1986), 146 Ill. App. 3d 227, 496 N.E.2d 1112, where the court va-

cated the summary judgment order. The court vacated the summary judgment in *Kezelis* because the complaint failed to state a cause of action and, thus, was within the narrow exception to section 2—612(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—612(c)), which provides that all defects in pleadings not raised in the trial court are deemed waived. The plaintiff there, Orthopedic & Reconstructive Surgery, had attempted to sue Kezelis on a contract between Kezelis and Rush-Presbyterian St. Luke's Hospital. The *Kezelis* court held that where the pleadings failed to state any cause of action, a judgment in favor of the plaintiff must be vacated even though the defects in the pleadings are raised for the first time on appeal. (See *Oberman v. Byrne* (1983), 112 Ill. App. 3d 155, 159, 445 N.E.2d 374, 377.) The defendant Nanos contends that the plaintiff here also failed to state a cognizable cause of action and, therefore, this court may examine the sufficiency of the complaint for the first time on review. The defendant then argues that since the complaint and attached affidavit, when read together, did not state a cause of action, that the summary judgment order is void and this court should vacate the judgment in favor of Alimissis. However, this case and the *Kezelis* case are dissimilar.

■ In this case, unlike *Kezelis*, the type of defect complained of is a technical pleading defect and not, as in *Kezelis*, a jurisdictional defect. Whereas a question of whether a complaint absolutely fails to state or indicate any ground of liability can be raised at any time, defects in a complaint containing an incomplete or otherwise insufficient statement of a good cause of action may be waived. (*Wagner v. Kepler* (1951), 411 Ill. 368, 371, 104 N.E.2d 231, 233.) Accordingly, we find that defendant Nanos has waived all objections to the sufficiency of the complaint. See *Bain v. Financial Security Life Insurance Co.* (1977), 53 Ill. App. 3d 702, 707, 368 N.E.2d 1023, 1027.

■ ■ Additionally, the record establishes that Nanos never responded to the requests to admit and, thus, the genuineness of the document, also, cannot now be contested on appeal. (See *Banks v. United Insurance Co.* (1975), 28 Ill. App. 3d 60, 63, 328 N.E.2d 167, 170.) In reviewing the record at the time summary judgment was granted, it appears that the agreement was unambiguous on its face and no inquiry into the intent of the parties was necessary. (*Spircoff v. Spircoff* (1979), 74 Ill. App. 3d 119, 127, 392 N.E.2d 363, 369.) Further, the requests to admit resolved any factual issues in the plaintiff's favor and made the case amenable to summary judgment. (See *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 394, 459 N.E.2d 958, 960.) We find that the contract at issue was unambiguous and properly en-

forceable in a summary judgment.

The defendant further argues that the measure of damages was improper in this case because it appears from the record that the court relied solely on published market quotations for the Electronic Missile Communication stock 29 days before Nanos breached the agreement by not returning the stock. Nanos argues that this evidence was both incompetent and inadmissible because, he claims, the foundation for the stock valuation was not laid by an expert, the quotations were for the wrong date, and the published stock quotations were in the form of an uncertified photocopy. On the other hand, the plaintiff argues that the damages were properly proved by the market evidence and the judgment should be affirmed.

 It is the defendant's contention that the evidence presented by Alimissis to prove his damages was inadmissible. However, the fact that the stock quotations here were submitted in an uncertified photocopy does not in itself make the evidence inadmissible. (See *Curran v. Unis* (Tex. Ct. App. 1986), 711 S.W.2d 290, 294 (authentic photocopies of business records admissible over objections that they did not satisfy the best evidence rule).) Further, in *Virginia v. West Virginia* (1914), 238 U.S. 202, 59 L. Ed. 1272, 35 S. Ct. 795, the United States Supreme Court stated: "It is unquestioned that, in proving the fact of market value, accredited price-current lists and market reports, including those published in trade journals or newspapers which are accepted as trustworthy, are admissible in evidence." (*Virginia*, 238 U.S. at 212, 59 L. Ed. at 1279, 35 S. Ct. at 800.) The Illinois Supreme Court has held that the closing stock market quotations from the previous day are admissible as proof of market value. (*Nash v. Classen* (1896), 163 Ill. 409, 45 N.E. 276.) It is, thus, within the trial court's discretion to determine the admissibility of the stock market quotations as evidence within this exception to the hearsay rule. (29 Am. Jur. 2d *Evidence* §893 (1967).) Hence, the defendant's contention that the evidence here was not the best evidence available and was incompetent to prove the plaintiff's damages is without merit.

 Defendant argues that even if the photocopy of published market quotations are admissible, the date of the published quotation was too old to be competent evidence of the damages on the date of the breach. The proper measure for damages in a breach of contract case, such as the one before this court, is the amount which will place the plaintiff in the position he would have occupied had the contract been performed. (*American National Bank & Trust Co. v. Erickson* (1983), 115 Ill. App. 3d 1026, 1030, 452 N.E.2d 3, 6.) It is well established that the proper measure of damages for corporate stock is its

market value at a time reasonably close to the date of breach. (See 6 Wigmore, Evidence §1704 (Chadbourn rev. ed. 1976); Annot., *Measure of Damages for Conversion of Corporate Stock or Certificate*, 31 A.L.R.3d §3(a), at 1295 (1970); 29 Am. Jur. 2d *Evidence* §892 (1967); 22 Am. Jur. 2d *Damages* §§66, 325 (1965); see also *Barnes v. Jones* (1925), 139 Miss. 675, 103 So. 773, reprinted in 43 A.L.R. 673, 681 (1926).) In a factually similar case, *American National Bank & Trust Co. v. Erickson* (1983), 115 Ill. App. 3d 1026, 452 N.E.2d 3, the written agreement specifically provided that the plaintiff receive in return for the loan of Teledyne Corporation stocks "shares of stock and cash so as to replace Getz [plaintiff] in exactly the same position *** as he would be had he not loaned the shares." (*Erickson*, 115 Ill. App. 3d at 1030, 452 N.E.2d at 6.) In *Erickson*, this court affirmed a judgment for the plaintiff where the trial court had measured the damages for failure to return stocks as of the date of judgment so that the plaintiff would not be deprived of the benefit of the increased value of the shares. Other courts have based damages on the highest market value for that stock since the date of conversion. (See cases cited in Annot., *Measure of Damages for Conversion of Corporate Stock or Certificate*, 31 A.L.R.3d §3(a), at 1295 (1970).) Thus, courts have used different data for determining the value of stock in an effort to ensure that the defendant does not receive a benefit from his breach of contract. Accordingly, we do not believe the trial court here improperly determined the damages based on the highest market value of that stock where it was at a time near to, but not precisely at, the time of the breach.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and MANNING, JJ., concur.