ATLANTIC COAST AIRLINES HOLDINGS, d/b/a United Express, Plaintiff-Appellant, v. BLOOMINGTON-NORMAL AIRPORT AUTHORITY, d/b/a Central Illinois Regional Airport, Defendant-Appellee.

Fourth District   No. 4—04—0943

Argued May 25, 2005.—Opinion filed June 10, 2005.

Larry S. Kaplan (argued) and Dana A. Beaird, both of Kaplan & Von Ohlen, of Chicago, for appellant.

John S. Hoff (argued), of Hoff, Collins & Cook, of Chicago, for appellee.

JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Atlantic Coast Airlines Holdings, doing business as United Express, landed one of its airplanes at the airport owned by defendant in Bloomington and allegedly ran into a pile of snow, damaging the airplane. Plaintiff sued the Bloomington-Normal Airport Authority, doing business as Central Illinois Regional Airport, for negligently leaving the pile of snow on the runway. The trial court granted defendant's motion for summary judgment on the ground that defendant had served requests for admission of facts upon plaintiff and plaintiff's responses to them failed to comply with Supreme Court Rule 216(c) (134 Ill. 2d R. 216(c)), resulting in judicial admissions that were fatal to plaintiff's case. At the same time, the court denied plaintiff's motion under Supreme Court Rule 183 (134 Ill. 2d R. 183) for additional time to answer the requests for admission.

Plaintiff appeals, arguing the requests for admission were confusing in that, being phrased as questions, they resembled interrogatories and, to compound the confusion, they were commingled with interrogatories. Plaintiff further argues this confusion was "good cause" for allowing plaintiff additional time to properly respond to the requests for admission (see 134 Ill. 2d R. 183)) and the trial court, therefore, erred in denying the motion for an extension and in granting defendant's motion for summary judgment.

We agree with plaintiff that the requests for admission were confusing in their format and context. The trial court itself found they were confusing but, in the absence of any "authority on this narrow issue," believed "it [was] up to a higher *** court to [decide whether] that type of confusion was good cause." We so decide. Justice will not tolerate a forfeiture that is the product of surprise or confusion. The

court abused its discretion in denying the motion for an extension of time. Therefore, we reverse the judgment and remand this case for further proceedings.

## I. BACKGROUND

On March 2, 2004, defendant served upon plaintiff a document entitled "Defendant's First Discovery Request to the Plaintiff." The document declared it was "issue[d] *** pursuant to Illinois Supreme Court Rules 213, 214, and 216" (210 Ill. 2d R. 213; 166 Ill. 2d R. 214; 134 Ill. 2d R. 216). It consisted of 29 numbered paragraphs. Some paragraphs were phrased as demands for information or tangible evidence, and others were phrased as questions. The document had no subheadings indicating which paragraphs were interrogatories (210 Ill. 2d R. 213), which were requests for production (166 Ill. 2d R. 214), and which were requests for admission (134 Ill. 2d R. 216), and the paragraphs had no apparent logical arrangement or grouping.

The paragraphs at issue in this case read as follows:

"22. *Absence of Snow Berms*: Do you admit that there are no facts that support the existence of any hazardous condition on the open, active Runway 20—2[,] including (but not limited to) any 'snow berms' or defined ridges of snow (of [one inch] or higher) located across or on the active runway portion of Runway 20—2 used by the subject landing aircraft, which were alleged[ ] by the [p]laintiff to have been struck by the [p]laintiff's aircraft in the vicinity of the intersection of Runway 11—29?

23. *Snow Berm Timing*: Do you admit factually that the snow berm(s)/ridges observed on or across Runway 20—2 *after* the loss in question were put there *after* the subject aircraft's nose gear failed and collapsed and the subject aircraft came to a stop on Runway 20—2?" (Emphases in original.)

(Paragraphs 24, 25, and 26 were requests for documents and tapes.)

"27. *Factual Causation*: Do you admit that there are no facts which prove that the [d]efendant [a]irport was a cause of the damages alleged to the nose gear of the [p]laintiff's subject aircraft at the time of its landing at [the airport] on February 14, 2003?

28. *Factual Damages*: Do you admit that there are no facts which support that the [p]laintiff's subject aircraft was damaged by any act or omission of the [d]efendant herein[,] including impact with snow on active Runway 20 at [the airport] during landing on February 14, 2003?

29. *Mechanical Defect*: Do you admit[,] factually[,] that the nose

gear on the subject aircraft operated by the [p]laintiff on November 14, 2003[,] failed as a result of preexisting defects or damage to the metal forming part of the nose landing gear of the subject aircraft?''

By agreement of the parties, plaintiff was to answer the discovery request by April 13, 2004. On April 14, 2004, plaintiff served upon defendant a document entitled ''Plaintiff's Response to Defendant's First Discovery Request.'' The document was unsworn and signed only by plaintiff's attorney, and its opening paragraph cited not only Rule 213 (interrogatories) and Rule 214 (requests for production) but also Rule 216 (requests for admission). Plaintiff answered paragraphs 22, 23, 27, 28, and 29 of ''Defendant's First Discovery Request'' as follows:

"22. Plaintiff does not admit the contentions contained in [r]equest [No.] 22 and[,] therefore, denies [r]equest [No.] 22.

23. Plaintiff does not admit the contentions contained in [r]equest [No.] 23 and[,] therefore denies [r]equest [No.] 23.

27. Plaintiff does not admit the contentions contained in [r]equest [No.] 27 and[,] therefore, denies [r]equest [No.] 27.

28. Plaintiff does not admit the contentions contained in [r]equest [No.] 28 and[,] therefore, denies [r]equest [No.] 28.

29. Plaintiff does not admit the contentions contained in [r]equest [No.] 29 and[,] therefore, denies [r]equest [No.] 29."

On June 16, 2004, defendant filed a motion for summary judgment. Defendant argued that paragraphs 22, 23, 27, 28, and 29 were ''request[s] for the admission *** of the truth of *** specified relevant fact[s]'' within the meaning of Rule 216(a) (134 Ill. 2d R. 216(a)) and that by failing to respond to them by April 13 with either a ''sworn statement'' or ''written objections,'' plaintiff had judicially admitted ''[e]ach of the matters of fact'' in those paragraphs (134 Ill. 2d. R. 216(c)), thereby entitling defendant to summary judgment. See *F.J. Pechman, Inc. v. Oldham*, 86 Ill. App. 3d 1018, 1021, 408 N.E.2d 487, 489 (1980). The trial court granted defendant's motion for summary judgment and denied plaintiff's motions for reconsideration and for an extension of time to serve responses conforming to Rule 216(c).

This appeal followed.

## II. ANALYSIS

■ Subparagraphs (a) and (c) of Rule 216 provide:

"(a) Request for Admission of Fact. A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request.
***

(c) Admission in the Absence of Denial. Each of the matters of fact *** of which admission is requested is admitted unless, within

28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." 134 Ill. 2d R. 216.

We interpret supreme court rules the same way we interpret statutes: *de novo*, giving the language of the rule its plain meaning. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332, 775 N.E.2d 987, 992 (2002). According to the plain language of Rule 216(a), plaintiff may "request" defendant to admit "the truth of any specified relevant fact." 134 Ill. 2d R. 216(a). On its face, subparagraph (a) says nothing about asking questions. Rather, it says one party may request the other to perform a task: to concede the truth of a specified fact. Quite simply, that means stating the fact and demanding the opponent admit it—a method followed in the standard practice forms that plaintiff cites. We agree with defendant that these practice forms are not binding; plaintiff does not claim they are. Instead, plaintiff presents them as evidence of a prevalent understanding among lawyers of what Rule 216(a) contemplates, *i.e.*, a factual statement coupled with a demand to admit its truth—not a question. Framing a request for admission as a question invites confusion with interrogatories, especially when one mixes requests for admission and interrogatories haphazardly together in the same document, without labels or headings. *Hansen v. Superior Court*, 149 Cal. App. 3d 823, 829, 197 Cal. Rptr. 175, 178 (1983). Arguably, a question such as "Do you admit there was no snow on the runway?" is not, properly speaking, a request for admission because the question calls for a "yes" no more than it calls for a "no."

■ Defendant argues that because it cited Rule 216 at the beginning of the "Defendant's First Discovery Request" and used the phrase "do you admit" in paragraphs 22, 23, 27, 28, and 29, plaintiff should have understood those paragraphs as requests for the admission of facts rather than as interrogatories. Defendant's argument would be stronger if Rule 216 were the only rule defendant cited, but defendant also cited Rule 213, the rule pertaining to interrogatories. Further, defendant commingled interrogatories with requests for admission without indicating which was which. Interrogatories are questions, and the paragraphs at issue were phrased as questions. We see nothing in Rule 213 to prevent one from using the phrase "do you admit" in an interrogatory. The trial court agreed that the requests for admission were confusing. Allowing defendant to receive a windfall

from this confusion, which defendant created, would encourage the sort of gamesmanship that discovery is supposed to prevent. See *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 109-10, 806 N.E.2d 645, 652 (2004).

We acknowledge that plaintiff cited Rule 216 in its response to defendant's discovery request, and in that respect, the evidence suggests plaintiff was not confused. On the other hand, by responding to the requests for admission in a way that failed to conform to Rule 216(c), plaintiff evinced an unawareness, perhaps, that they were requests for admission. It is because of defendant's faulty draftsmanship that we are contemplating this ambiguity in the record. Therefore, we will resolve the ambiguity against defendant. Plaintiff claims to have been confused, and the trial court found an objective basis for that confusion. Under these circumstances, plaintiff showed "good cause" for receiving an extension of time to respond to the requests for admission (134 Ill. 2d R. 183), and the trial court abused its discretion in denying the motion for additional time.

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and remand this case for further proceedings.

Reversed and remanded.

COOK, P.J., and KNECHT, J., concur.