THIRD DIVISION

                                       Date Filed:6/30/03

No. 1-01-3024

NGAN MOY, DICK MOY, TSUN MAK,     ) Appeal from the 

and WAI YUNG MAK,                 ) Circuit Court of

                                  ) Cook County.

        Plaintiffs-Appellees,     )

                                  )

        v.                        ) 

                                  )

WINSEN NG, an Individual, and    ) No. 97 L 10252

Doing Business as CHICAGO N.A.    ) 

Construction Ltd.,                ) 

                                  ) 

        Defendants,               )

                                  ) Honorable

(Shirley Leu-Tan Wong,            ) Peter Flynn and

                                  ) Sheldon Gardner

        Defendant-Appellant).     ) Judges Presiding.

     JUSTICE HALL delivered the opinion of the court:

     The plaintiffs, Ngan Moy, Dick Moy, Tsun Mak and Wai Yung Mak, brought a complaint for damages against the defendants, Winsen NG, Chicago N.A. Construction Ltd., and Shirley Wong.  An 
ex
 
parte
 judgment was entered against Winsen Ng and Chicago N.A. Construction Ltd., and neither is a party to this appeal.

     In their complaint, the plaintiffs alleged that Ms. Wong breached her duties owed to the plaintiffs as a fiduciary and an escrowee.  Following a bench trial, the trial court entered judgment against Ms. Wong in the amount of $118,269.12 plus court costs.  Ms. Wong appeals.

     On appeal, Ms. Wong contends that the trial court erred when it denied her motion to strike the plaintiffs' answer to her request to admit facts pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216).  Because we find this issue to be dispositive of this appeal, we will confine our discussion of the facts to those pertinent to that issue.

     On July 28, 1999, Ms. Wong served her Rule 216 request to admit facts and genuineness of documents on the plaintiffs.
(footnote: 1)  On August 10, 1999, the plaintiffs filed their answer to Ms. Wong's Rule 216 request.  The answer was not signed or sworn to.  On that same date, the plaintiffs filed another answer to the Rule 216 request.  However, this answer was signed and verified by the plaintiffs' attorney.  On October 13, 1999, Ms. Wong filed a motion to strike the plaintiffs' answer to her Rule 216 request.       On November 17, 1999, a hearing was held on the motion to strike.  The plaintiffs' attorney did not dispute that the copy of the plaintiffs' answer to the Rule 216 request sent to Ms. Wong's attorneys was unsigned and unsworn to, but noted that he had filed the original, which he had signed and verified, with the circuit court.  The plaintiffs' attorney pointed out that the local circuit court rules required that the answer be filed with the circuit court.  In denying Ms. Wong's motion to strike, Judge Sheldon Gardner stated as follows:

     "Now, I don't have to get to the point of whether or not verification is required because the standard in our state is that general rules are modified by local rules.  The local rules call for a filing, there is no issue that the document filed was verified.

      I think that Mr. Segal's [Ms. Wong's attorney] arguments are not well taken in that they are dealing with the timeliness of the issue, not with the issue of verification and the remedy of being verified.  If the local copy were not verified, our issue - - the final copy were not verified, our issue would be different."    

     On June 27, 2000, Judge Loretta Douglas denied a motion 
in
 
limine
 filed by Ms. Wong but ordered the plaintiffs to serve an additional copy of the request to admit facts, signed by "Plaintiff," on Ms. Wong's attorney prior to trial.
(footnote: 2)  

     The record then reflects another answer to the Rule 216 request, file-stamped  August 10, 1999, was filed.  This one was signed by the plaintiffs' attorney, but verified by Ngan Moy, one of the plaintiffs.  The proof of service states that it was served on July 3, 2000, on Ms. Wong's attorneys, having been "previously served filed" on August 10, 2000.
(footnote: 3)       

     On September 11, 2000, Ms. Wong filed a second motion 
in
 
limine
 to strike the plaintiffs' answer to her Rule 216 request, filed on July 3, 2000.  Ms. Wong argued that the plaintiffs had not shown "good cause" to allow them to serve their answer and that the document still did not conform to the signing and sworn-to requirements of Rule 216.   On September 15, 2000, Ms. Wong filed a third motion 
in
 
limine
.  In this motion, Ms. Wong acknowledged receiving a copy of the plaintiffs' answer, signed by plaintiffs' attorney and verified by plaintiff Ngan Moy.  Ms. Wong again argued that the "good cause" requirement was not fulfilled by the plaintiffs, that the answer contained untrue statements in regard to the filing and service of the answer and that the answer was not signed by all four plaintiffs. 

     On September 15, 2000, the plaintiffs filed a response to Ms. Wong's motions 
in
 
limine
 and for sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137).

     On September 19, 2000, Judge Peter Flynn denied Ms. Wong's motions 
in
 
limine
.
(footnote: 4)  

Request to Admit Facts

     Ms. Wong contends that the trial court erred when it denied her motion to strike the plaintiffs' answer to her request to admit facts.  Ms. Wong maintains that the plaintiff failed to comply with the requirements of Rule 216(c) (134 Ill. 2d R. 216(c)).

A.  Standard of Review

     A reviewing court will not disturb a trial court's ruling on discovery matters unless there is a manifest abuse of discretion.  
Mutlu v. State Farm Fire & Casualty Co.
, 337 Ill. App. 3d 420, 432, 785 N.E.2d 951, 961 (2003).  However, the interpretation of a statute is a question of law, which this court reviews 
de
 
novo
.  
Advincula v. United Blood Services
, 176 Ill. 2d 1, 12, 678 N.E.2d 1009, 1015 (1996); 
Albazzaz v. Department of Professional Regulation
, 314 Ill. App. 3d 97, 105, 731 N.E.2d 787, 793 (2000).

B.  Discussion

     Under Rule 216, a party may serve a written request on  another party to admit the truth of any specified relevant fact set forth in the request.  134 Ill. 2d R. 216(a).  Rule 216(c) provides in pertinent part as follows:

     "Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. *** Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request."  134 Ill. 2d R. 216(c)

     The failure to file a timely response to a request to admit facts - including the "ultimate" facts of a case - in accordance with Rule 216(c) results in the admission of those facts.  
Tires 'N Tracks, Inc. v. Dominic Fiordirosa Construction Co.
, 331 Ill. App. 3d 87, 91, 771 N.E.2d 612, 616 (2002).  A response denying the facts that is neither timely nor sworn fails to comply with the rule.  
Tires 'N Tracks, Inc.
, 331 Ill. App. 3d at 91, 771 N.E.2d at 616.  An admission pursuant to a request to admit facts operates as a judicial admission that is considered incontrovertible and has the effect of withdrawing a fact from contention.  
Tires 'N Tracks, Inc.
, 331 Ill. App. 3d at 91, 771 N.E.2d at 616.

     The plaintiffs' answer to Ms. Wong's Rule 216 request was signed by the attorney for the plaintiffs and verified by him pursuant to section 1-109 of the Code of Civil Procedure (the Code) (735 ILCS 5/1-109 (West 1998) (verification of a pleading may be done by certification unless otherwise provided by the supreme court rules)).  

     An attorney having personal knowledge of the facts set out in a pleading is not precluded from verifying that document.  
Schwartz v. Great Central Insurance Co.
, 188 Ill. App. 3d 264, 269, 544 N.E.2d 131, 133-34 (1989).  However, while counsel may respond to pleadings, Rule 216 requires response by the parties.  
Magee v. Walbro, Inc.
, 171 Ill. App. 3d 774, 780, 525 N.E.2d 975, 979 (1988)(in addition to its failure to be in writing, the court also rejected the argument that having the attorney respond to the request to admit facts was proper because the attorney had been allowed to respond to the allegations of an affirmative defense); see also 
Johannsen v. General Foods Corp.
, 146 Ill. App. 3d 296, 496 N.E.2d 544 (1986) (answer to request to admit signed but not sworn to by the answering party's attorney did not comply with the requirement that denials, in whole or in part, be by the party answering the request).
(footnote: 5)  In this case, the answers are clearly those of one or more of the plaintiffs, not their attorney.

     In addition, Rule 216(c) requires that the party responding to the request to admit facts serve the sworn statement denying the facts on the party requesting the admission.  In this case, the plaintiffs acknowledge that they served an unsigned and unsworn copy of their answer to Ms. Wong's Rule 216 request on Ms. Wong's attorneys.  The plaintiffs maintain that they complied with this requirement by filing the original "sworn" answer with the clerk of the circuit court as required by the local rules.  See Cook Co. Cir. Ct. R. 3.1(c) (eff. May 1, 1996).

     Rule 3.1(c) provides in pertinent part as follows:

     "Requests for admission of fact shall be filed with the Clerk of the Circuit Court.  Within twenty-eight (28) days after service of the requests, 
the answering party shall serve upon the party requesting the admission and file with the Clerk of the Circuit Court either a sworn statement denying specifically the matters of which admission is requested
 or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or a written objection to the request." (Emphasis added.)  Cook Co. Cir. Ct. R. 3.1(c) (eff. May 1, 1996).

     A local rule has the force of a statute and is binding on the trial court as well as the parties.  
Premier Electrical Construction Co. v. American National Bank of Chicago
, 276 Ill. App. 3d 816, 834, 658 N.E.2d 877, 891 (1995) 
(trial court must follow rules of notice when those rules are not in conflict with   a statute or a supreme court rule).  However, our supreme court rules control over a local circuit court rule.  Illinois Supreme Court Rule 21(a) (134 Ill. 2d R. 21(a)) vests circuit courts with the power to adopt local rules governing civil and criminal cases as long as (1) they do not conflict with supreme court rules or statutes; and (2) so far as practical, they are uniform throughout the state.  
Phalen v. Groeteke
, 293 Ill. App. 3d 469, 470, 688 N.E.2d 793, 794 (1997). 

     In any event, the requirements of Rule 3.1(c) are not in conflict with those of Rule 216.  Both rules require that the answer to a Rule 216 request be sworn to and served on the party requesting the admissions.  While Rule 216 does not contain a filing requirement, Rule 3.1(c) requires that the sworn answers be filed with the clerk of the circuit court 
and
 served upon the requesting party.  Therefore, the plaintiffs' filing of their answer to Ms. Wong's Rule 216 request with the circuit court but serving an unsigned and unsworn-to copy on Ms. Wong's attorneys failed to satisfy the requirements of either Rule 216(c) or Rule 3.1(c). 

     We hold, therefore, that Rule 216(c) requires that the party responding to the Rule 216 request must sign the answer and provide the sworn-to statement and that the signed and sworn-to copy of the answer served on the requesting party must be signed and sworn to by the party.  The signature of and verification by the party's attorney on the answer to a Rule 216 request instead of the party's signature does not comply with Rule 216(c).  We further reiterate that filing a signed and sworn-to original with the circuit court but serving an unsigned and unsworn-to copy of the answers to a Rule 216 request to admit facts does not comply with either Rule 216(c) or Rule 3.1(c).  Therefore, the trial court erred when it denied Ms. Wong's motion to strike the plaintiffs' answers to Ms. Wong's Rule 216 request.       

     The plaintiffs then point out that, prior to trial but after the expiration of the 28-day requirement of Rule 216, they filed an answer to the request to admit facts which was sworn to by one of the plaintiffs.
(footnote: 6)  This answer was again signed by the plaintiffs' attorney, but verified by plaintiff Ngan Moy. However, the answer fails to comply with Rule 216(c) in that it is signed by the plaintiffs' attorney, not by one or more of the plaintiffs.

     Even if we overlook the fact that the plaintiffs' attorney signed the answer, since one of the plaintiffs verified the answer, we are of the opinion that the trial court abused its discretion in allowing the plaintiffs to file an answer after the 28-day requirement of Rule 216(c) and after the 30 days allowed by the trial court.

     Cases interpreting Rule 216 give the trial court some discretion in allowing delays, with standards ranging from strict adherence to the 28-day limit to wide discretion.  
Magee
, 171 Ill. App. 3d at 779, 525 N.E.2d at 978-79.  A court has the discretion to permit a party to file a response to a request for admission of facts after the 28-day time limit but only if the party has shown "good cause" for an extension of time.  
Harris Bank St Charles v. Weber
, 298 Ill. App. 3d 1072, 1083, 700 N.E.2d 722, 730 (1998).  A lack of prejudice to the opposing party does not constitute "good cause."  
Weber
, 298 Ill. App. 3d at 1083, 700 N.E.2d at 730.  

     In this case, without explanation, the plaintiffs failed to comply with the signature and verification requirements within the time requirements of Rule 216(c) and, therefore, failed to provide a "good cause" basis for the exercise of the trial court's discretion.  We conclude that the trial court abused its discretion in allowing the plaintiffs to file a sworn answer to Ms. Wong's request to admit facts after the expiration of the 30 days permitted them by the trial court.

     The plaintiffs then argue that Ms. Wong waived any right to rely on the admissions contained in the answer to her Rule 216 request because, at trial, she introduced evidence on the issues involved in her Rule 216 request.

     Where facts have been admitted pursuant to a Rule 216 request and the party presents evidence at trial to prove those facts, the admissions are waived, and the party must rely on the strength of the evidence produced at trial.  
Magee
, 171 Ill. App. 3d at 780, 525 N.E.2d at 979.  However, it would be unjust to apply that rule where a trial court erroneously has allowed an untimely and improper response to a request to admit facts, since the party requesting the admissions is left with little choice but to present evidence at trial.  See 
Magee
, 177 Ill. App. 3d at 780, 525 N.E.2d at 979.

     Finally, the plaintiffs argue that Ms. Wong's request to admit facts was improper in form and in scope and, therefore, she should be barred from using any of the admissions.  However, the plaintiffs failed to object to the request to admit facts as required by Rule 216 and therefore waived any objection to the request.  See 
Banks v. United Insurance Co. of America
, 28 Ill. App. 3d 60, 328 N.E.2d 167 (1975) (failure to return written objections to the requesting party with the 28-day period permitted for reply waived any otherwise valid objection to the relevancy of the admissions requested in the notice).  

     Since the trial court erred in denying Ms. Wong's motion to strike the plaintiffs' answer to her Rule 216 request for admission of facts, we conclude that this case must be remanded for a new trial.  On remand, the facts contained in Ms. Wong's request to admit facts will be deemed admitted.  Deciding this case as we do, we need not address the remaining issues raised by Ms. Wong.

     However, we note that in this appeal, the plaintiffs requested that this court increase the amount of the judgment awarded to them but did not file a cross-appeal.   The necessity for filing a cross-appeal arises where the appellee requests the reversal or modification of the judgment below.  
Mid-West National Bank of Lake Forest v. Metcoff
, 23 Ill. App. 3d 607, 610, 319 N.E.2d 336, 339-40 (1974).  Therefore, this court lacks jurisdiction to consider a modification of the judgment.

     The judgment of the circuit court is reversed and the cause remanded.

     Reversed and remanded with directions.  

     SOUTH, P.J., and HOFFMAN, J., concur.

     

      

     

FOOTNOTES
1:
The plaintiffs note that discovery had been closed at the time Ms. Wong filed her Rule 216 request.  However, the trial court entered an order requiring the plaintiffs to respond to the Rule 216 request within 30 days.

2:
A copy of this motion 
in
 
limine
 does not appear to be contained in the record on appeal.

3:
While Ms. Wong attempts to carve a separate issue as to the August 10, 2000, date, the plaintiffs' explanation that it was a typographical error as to the year is reasonable under the circumstances.

4:
Judge Flynn's September 19, 2000, order indicates that a separate order would be issued but no such order appears in the record.  While the September 19, 2000, order did not specifically address the request for Rule 137 sanctions, Judge Flynn's July 30, 2001, judgment order stated that the order disposed "of all remaining claims in this action and is a final judgment."

5:
Johannsen
 is incorrectly cited in Ms. Wong's brief as 
Johnson v. General Foods Corp.
, 416 Ill. App. 3d 296.

6:
We note that the trial court allowed the plaintiffs 30 days, rather than the 28 days required under Rule 216(c), to file their answer.  However, there is no suggestion that the plaintiffs were excused from complying with any of the other requirements of Rule 216(c).