SIXTH DIVISION
June 23, 2006

No. 1-05-2320

| | | |
|---|---|---|
| VISION POINT OF SALE, INC., an Illinois Corporation, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| GINGER HAAS, an Individual, and LEGACY INCORPORATED, an Illinois Corporation, | ) ) ) | Honorable Peter Flynn, |
| Defendants-Appellants. | ) | Judge Presiding |

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Defendants Ginger Haas and Legacy Inc. served requests to admit on plaintiff Vision Point of Sale (Vision). No officer of Vision signed the response Vision served on defendants, and Vision did not file the response in court. Defendants moved to deem their requests admitted. The trial court granted the motion, but at a later hearing the court *sua sponte* vacated the ruling and decided to allow Vision to file late its signed responses to the requests. The court certified for immediate review a question concerning limits on the factors a court may consider when deciding whether to grant an extension of time for filing a response to a request to admit facts.

We hold that the court may consider any facts that help it "strike a balance between diligence in litigation and the

interests of justice." United States v. $30,354.00 in United States Currency, 863 F. Supp. 442, 445 (W.D. Ky. 1994). In particular, the court need not restrict its attention to the causes for the delay in the response to the request to admit. However, we find that the trial court here did not follow procedures mandated by Supreme Court Rule 183 (134 Ill. 2d R. 183) when it decided to allow the late filing. Accordingly we vacate the order that gave rise to the certified question and we remand for proceedings consistent with this opinion.

BACKGROUND

In July 2003 Haas quit the position she held with Vision and began working for Legacy, a direct competitor of Vision. Vision sued Haas and Legacy in February 2004 for tortious interference with business relationships, breach of fiduciary duties, and violation of the Illinois Trade Secrets Act (765 ILCS 1065/1 *et seq.* (West 2002)).

After an evidentiary hearing in May 2004 the trial court granted Vision a preliminary injunction in which the court ordered Legacy to purge from its computer system all information it obtained from Vision through Haas. Both Vision and Legacy advanced proposals for methods of ensuring that Legacy abided by the order. The court mapped a separate course in an effort to respond to both parties' legitimate concerns. The order, dated September 27, 2004, directed Legacy to purchase new computers and to allow Vision's experts to observe the copying and transfer of

files from the old computer to the new computers. The court also ordered Legacy to pay a large share of the fees for Vision's experts.

On December 14, 2004, Legacy and Haas faxed to Vision a set of requests to admit. Vision sent its responses to the requests to Legacy and Haas on January 12, 2005. An attorney for Vision signed the responses, and an officer of Vision signed a verification of the responses.

On April 1, 2005, Legacy and Haas moved to deem all of their requests admitted because Vision did not file its responses with the court and because only an attorney, and not an officer of Vision, signed the responses. On April 6, 2005, the clerk of the court file stamped a copy of Vision's responses; on April 26, 2005, the clerk stamped a second copy of Vision's responses, this one bearing a signature, as well as a verification, of one of the officers of Vision.

At the hearing on the motion to deem facts admitted, the court denied Vision's oral motion for leave to file its signed responses late. Because the officer of Vision had signed only the verification of the responses served in January, and not the responses themselves, and because Vision failed to file those responses with the court in January, the responses did not meet the requirements of Supreme Court Rule 216(c) (134 Ill. 2d R. 216(c)) and Rule 3.1(c) of the rules of the circuit court of Cook County (Cook Co. Cir. Ct. R. 3.1(c) (eff. May 1, 1996)). See Moy

v. Ng, 341 Ill. App. 3d 984 (2003).  The trial court granted the motion of Legacy and Haas to deem all of the requests admitted.

Also in April 2005, Vision petitioned for a rule to show cause, asking the court to enter sanctions against Legacy for Legacy's failure to pay fees as directed by the court's order of September 27, 2004.  Vision supported the motion with documents showing that Vision had requested payment from Legacy of Legacy's share of the fees for the work of Vision's experts in supervising the transfer of files from Legacy's old computers to its new computers.

On May 13, 2005, at oral argument on the motion for a rule to show cause, Legacy admitted that it had not made any payments under the order of September 27, 2004.  Legacy argued that the court should reconsider that order.  The court said:

"You didn't come in on a motion to reconsider.

You didn't come in on a motion for a protective order.

 You didn't come in on a motion to clarify.

You simply didn't pay ***.

* * *

*** I am greatly troubled by the tenor of Legacy's response to the rule to show cause which consists not of explaining some difficulty in compliance, but rather in asserting that *** the underlying order of September 27th, 2004, is wrong.  And therefore, Legacy shouldn't have to obey it anyway.

While it is true that that order is interlocutory, it is also true that if Legacy really thought it didn't understand the order or wanted to take issue with the order, Legacy could have come in on a motion.

On the other hand, I am, as I indicated, not impressed with plaintiff's argument that the only thing Legacy can do is pay. ***

***

I also cannot avoid, in considering the events leading up to the rule to show cause and in listening to the parties' arguments this afternoon, comparing what can fairly be characterized as Legacy's conscious stubbornness with regard to the September 27th, 2004, order with Vision Point's inadvertent and technical non-compliance not with a Court order, but with Supreme Court Rule 216 ***.

It is interesting that [Legacy and Haas], in argument, linked the continuing validity of the September 27th order and the allocations made in it to the discussions that we've had in the last few weeks regarding the requests to admit.

The link is not instantly self-evident, but I agree with defendants that the link exists.

Supreme Court Rule 219 authorizes a virtually unlimited variety of sanctions in the event a party

fails to comply with a Court order ***.

* * *

I turn, then, to Supreme Court Rule 183. ***

* * *

*** Rule 183 does not *** limit good cause to good cause for a failure to do an act on time. ***

*** The good cause is for granting the extension of time.

And it seems to me that if we look at good cause *** under all of the circumstances of the case, there is good cause for the Court to *** allow a late filing or correction of whatever violation has occurred.

***

*** [W]e have, on the part of Vision Point, a technical and inadvertent failure to comply with the requirements of Moy and we have, on the part of Legacy, what I do believe to be a settled policy of recalcitrance with regard to the Court's Sepember 27th, 2004, order *** and if we look at all of that in the context of the case law which says that the goal of all discovery procedures is a trial on the merits *** and that the purpose of sanctions should be not to punish, but to encourage compliance, in my opinion, the fair result here *** [is] to allow Legacy to present its challenges to the September 27th order and to the

ˇ6ˇ

invoices which Vision Point has submitted, but to vacate the Court's order refusing to grant Vision Point an extension under Rule 183 in order to clean up the technical non-compliance in its responses to the requests to admit."

The court entered a written order dated May 24, 2005, that vacated the order that deemed requests admitted, and the court expressly allowed Vision an extension of time to file its responses to the requests for admissions. Vision responded to the requests to admit, this time with the signature of Vision's chief executive officer, and Vision filed its responses with the court.

Legacy and Haas moved to reconsider the order of May 24, 2005. In the alternative they sought certification of a question for appeal. The court denied the motion for reconsideration but certified for appeal the following question:

"In determining whether 'good cause' exists under Supreme Court Rule 183 for the grant of an extension of time to remedy an unintentional noncompliance with a procedural requirement, may the Court take into consideration facts and circumstances of record which go beyond the reason for the noncompliance?"

Haas and Legacy filed a timely application for leave to appeal under Supreme Court Rule 308. 155 Ill. 2d R. 308. This court granted the petition.

1-05-2320

The parties agree that our interpretation of Supreme Court Rule 183 will determine our response to the certified question, so we review the issue *de novo*. Atlantic Coast Airlines Holdings v. Bloomington-Normal Airport Authority, 357 Ill. App. 3d 929, 933 (2005). The parties also ask us to "go beyond the question of law presented and consider the propriety of the order that gave rise to the appeal." Bright v. Dicke, 166 Ill. 2d 204, 208 (1995). We review discovery orders for abuse of discretion. Moy, 341 Ill. App. 3d at 988.

Supreme Court Rule 183 provides simply:

> "This court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." 134 Ill. 2d R. 183.

The rule on its face does not limit the factors the court may consider in determining whether a party has shown good cause for extending the time for filing.

Our supreme court interpreted the rule in Bright, 166 Ill. 2d at 208. The defendant there sought leave to file a late response to the plaintiff's requests to admit. The trial court denied the defendant's motion and certified for appeal a question concerning the effect of Rule 183 on the deadline for responses

to requests to admit. Our supreme court held that Rule 183 gives the trial court discretion to allow a party to serve a response to requests to admit after the expiration of the 28 day period specified in Rule 216. <u>Bright</u>, 166 Ill. 2d at 208. The court added that the discretion to permit a late response "does not come into play under the rule unless the responding party can first show good cause for the extension." <u>Bright</u>, 166 Ill. 2d at 209. According to the court,

> "mere absence of inconvenience or prejudice to the opposing party is not sufficient to establish good cause under Rule 183 and the companion provision of the Code of Civil Procedure (735 ILCS 5/2-1007 (West 1992)). The moving party must assert some independent ground for why his untimely response should be allowed." <u>Bright</u>, 166 Ill. 2d at 209.

The court in <u>Bright</u> did not purport to delineate all the appropriate factors a trial court might take into account when deciding whether to grant an extension of time under Rule 183. The court held only that the lack of prejudice to a party requesting admissions, standing alone, did not constitute good cause for extending the time to respond to admissions. However, the court cited with approval <u>Sims v. City of Alton</u>, 172 Ill. App. 3d 694 (1988). In <u>Sims</u> the defendant failed to respond to the plaintiffs' requests to admit. On the day of trial the plaintiffs moved to deem the requests admitted. The defendant

sought leave to file a late response, arguing that its attorney had not received the requests to admit, many of the requests improperly sought the admission of conclusions of law, the requests concerned issues central to the case, and the plaintiffs would suffer no prejudice from the late response. The trial court granted the defendant leave to file the late response.

The appellate court held:

"[A] circuit court has wide discretion with regard to the requests to admit and may allow a late filing in order to prevent injustice. ***

*** Here plaintiffs' request to admit facts went to the central issues of the case and the plaintiffs failed to show that the filing of defendant's late response prejudiced their case." Sims, 172 Ill. App. 3d at 698.

The court affirmed the decision to permit the late filing of responses to the requests to admit.

Similarly, in Bluestein v. Upjohn Co., 102 Ill. App. 3d 672 (1981), the defendant's lawyer carelessly failed to respond to requests to admit for nine months. The trial judge permitted the late filing because the requests concerned the central issue in the case. The judge said:

"'[I]f I were to find those requests have been admitted by a lawyer's carelessness, without more, I would be depriving a party of his right to a trial by jury on a

basic issue in this case.'" <u>Bluestein</u>, 102 Ill. App. 3d at 678. The judge added that he would deem any request admitted if the plaintiff could show prejudice due to the late response. The appellate court affirmed, relying on the trial court's "inherent power to prevent injustice." <u>Bluestein</u>, 102 Ill. App. 3d at 678.

Even when the appellate court has disallowed late responses to requests to admit, the court has acknowledged the trial court's discretion, and it has not purported to require strict adherence to the 28-day limit. See <u>Moy</u>, 341 Ill. App. 3d at 991; <u>Harris Bank St. Charles v. Weber</u>, 298 Ill. App. 3d 1072, 1083 (1998); <u>Magee v. Walbro, Inc.</u>, 171 Ill. App. 3d 774, 779-80 (1988); <u>Johannsen v. General Foods Corp.</u>, 146 Ill. App. 3d 296, 300 (1986). We have found no court that limited the appropriate considerations for granting an extension of time to the causes for the delay.

Some of the factors considered in <u>Sims</u> and <u>Bluestein</u> range well beyond the causes for the delay. The centrality of the issues to the case, like the prejudice to the parties, does not relate to the cause of the delay. The concerns addressed in <u>Sims</u> and <u>Bluestein</u> relate directly to the interest in achieving substantial justice between the parties.

Federal courts and the courts of other states have rules that permit late filings for good cause, much like our Supreme Court Rule 183. In addition to the factors emphasized in the

Illinois cases, the foreign courts have considered the responding party's good faith (<u>Countee v. United States</u>, 112 F.2d 447, 451 (7th Cir. 1940)), the conduct of the party requesting admissions, especially in regard to other discovery (<u>Marshall v. Sunshine & Leisure, Inc.</u>, 496 F. Supp. 354, 356 (D. Fla. 1980)), and the length of the delay beyond the statutory deadline (<u>Holt v. Best</u>, 750 S.W.2d 705, 708 (Mo. App. 1988)).  We find that courts in Illinois have authority to consider all of these factors, and any other factors that bear on the balance the court must strike between the need for efficient litigation and the interest of achieving substantial justice between the parties.  See generally H. Henry, Annotation, *Time for Filing Responses to Requests for Admissions; Allowance of Additional Time*, 93 A.L.R.2d 757 (1964). Accordingly, we answer "yes" to the certified question.

To reach its decision here the trial court considered factors outside the cause for the delay.  Insofar as the court did so, we find no error.  But the judge allowed the extension after deciding, *sua sponte*, to revisit his decision to deny Vision leave to file late its responses to the requests to admit. The judge looked to Rule 183 as authority for permitting the late filing.  At the hearing in April 2005, Vision orally moved for leave to file its responses late.  However, neither before that hearing nor before the hearing on May 13, 2005, did Legacy and Haas receive any notice of a motion pursuant to Rule 183.

Rule 183 requires a motion and notice to the party opposing

the party who seeks an extension of time for filing. While the trial court retains its inherent authority to reconsider its interlocutory rulings (People v. Jones, 219 Ill. 2d 1, 23 (2006); Geske v. Geske, 343 Ill. App. 3d 881, 885 (2003)), when the court exercises its authority to act *sua sponte*, it still must follow "otherwise applicable procedures, including notice of the proposed judicial action and the opportunity to argue against such action, as required in fairness to the litigants." People v. Edwards, 355 Ill. App. 3d 1091, 1100 (2005).

Neither Vision nor the trial court followed proper notification procedures for a Rule 183 motion. Therefore, we vacate the order of May 24, 2005, and we remand for the filing of a written motion pursuant to Rule 183, with notice to Legacy and Haas, giving them an opportunity for a hearing on their objections to the motion. The court should take into consideration any facts bearing on the balance between the need for efficient litigation in full compliance with court rules and the interests of achieving substantial justice on the merits for the parties. The court need not restrict its attention to the causes for the delay in the responses to the requests to admit.

The parties sought to raise other issues in their briefs. Rule 308 generally allows this court narrow jurisdiction to decide the question the trial court certified. Reich v. Gendreau, 308 Ill. App. 3d 825 (1999). While we may review the trial court's orders insofar as those orders gave rise to the

1-05-2320

certified question (<u>Bright</u>, 166 Ill. 2d at 208), we find that the other proposed issues fall outside the proper scope of our review under Rule 308.  See <u>Jones v. City of Carbondale</u>, 217 Ill. App. 3d 85, 88 (1991).

Certified question answered; order vacated and cause remanded.

TULLY and O'MALLEY, JJ., concur.