SECOND DIVISION

No. 1-05-1330

| | |
|---|---|
| NGAN MOY, DICK MOY, TSUN MAK and WAI YUNG MAK, | ) Appeal from the<br>) Circuit Court of<br>) Cook County. |
| Plaintiffs-Appellees, | ) |
| v. | ) No. 04 L 1012 |
| WINSEN NG, Individually, and doing business as Chicago N.A. Construction, Ltd., | ) |
| Defendants | ) Honorable<br>) Barbara Disko, |
| (Shirley Leu-Tan Wong, | ) Judge Presiding. |
| Defendant-Appellant). | ) |

JUSTICE HALL delivered the opinion of the court:

The defendant, Shirley Leu-Tan Wong, appeals from a judgment in the amount of $38,800, entered against her and in favor of the plaintiffs, Ngan Moy, Dick Moy, Tsun Mak[1] and Wai Yung Mak, by the circuit court of Cook County. On appeal, the defendant contends that the court erred when it denied her motion for summary judgment and when it denied her motion for judgment on the pleadings at the close of the plaintiffs' case.

This is the second appeal by the defendant in this case. In Moy v. Ng, 341 Ill. App. 3d 984, 793 N.E.2d 919 (2003), the

---

[1]The death of Tsun Mak was spread of record during the circuit court proceedings.

No. 1-05-1330

defendant appealed from a money judgment entered against her and in favor of the plaintiffs. This court held that the trial court erred in denying the defendant's motion to strike the plaintiffs' answer to her Supreme Court Rule 216 (134 Ill. 2d R. 216) request for admission of facts, and we remanded the case for a new trial with directions that the facts contained in the defendant's request to admit facts be deemed admitted. Moy, 341 Ill. App. 3d at 991-92.

On remand, the defendant filed a motion for summary judgment predicated on the plaintiffs' admissions. The plaintiffs opposed the motion, relying on the doctrine of judicial estoppel. The plaintiffs alleged that during disciplinary proceedings brought against the defendant by the Attorney Registration and Disciplinary Commission (ARDC), the defendant made statements under oath that contradicted the plaintiffs' admissions she relied on in her motion for summary judgement. The trial court denied the defendant's motion for summary judgment, finding that, even considering the plaintiffs' admissions, the ARDC proceedings and the statements made therein created questions of fact that precluded summary judgment.

At the bench trial in this case, the parties presented the transcripts of the previous trial and the ARDC proceedings for the trial court's review. Based on those records, the trial

2

court entered judgment in favor of the plaintiffs and against the defendant in the amount of $38,800. The defendant filed a timely notice of appeal.

ANALYSIS

The defendant contends that the plaintiffs' judicial admissions entitled her to summary judgment or, in the alternative, her motion for judgment on the pleadings at the close of the plaintiffs' case should have been granted. The plaintiffs respond that the doctrine of judicial estoppel applies in this case to bar the defendant's reliance on their judicial admissions.

As a general rule, "an order denying a motion for summary judgment is not reviewable after an evidentiary trial, as any error in the denial is merged in the subsequent trial." Paz v. Commonwealth Edison, 314 Ill. App. 3d 591, 594, 732 N.E.2d 696 (2000). "The rationale for this rule is that it would be unjust to the prevailing party, who won the judgment after the evidence was more completely presented." Battles v. La Salle National Bank, 240 Ill. App. 3d 550, 558, 608 N.E.2d 438 (1992). However, where the trial does not deal with the issue in the motion for summary judgment, the summary judgment denial does not merge into the judgment. Battles, 240 Ill. App. 3d at 558 (ruling on issue

3

No. 1-05-1330

of whether an accounting was necessary did not merge where jury entered its verdict on the issue of whether there was a breach of a fiduciary duty and the damages to be awarded).

Nonetheless, even if the denial of summary judgment is not reviewable in this case, we may still review the defendant's contentions in the context of whether the trial court's finding in favor of the plaintiffs was against the manifest weight of the evidence.  See Paz, 314 Ill. App. 3d at 594.

"In a bench trial, a trial court's findings will not be disturbed on review unless they are against the manifest weight of the evidence."  International Capital Corp. v. Moyer, 347 Ill. App. 3d 116, 121, 806 N.E.2d 1166 (2004).  "A judgment is against the manifest weight of the evidence only if the opposite conclusion is apparent or when findings appear to be arbitrary, unreasonable, or not based on the evidence."  Moyer, 347 Ill. App. 3d at 122.

In counts V and VI of their second amended complaint, the plaintiffs alleged that the defendant had breached her fiduciary duty and her fiduciary duty as escrowee to them.  According to the plaintiffs, the defendant, a licensed attorney, agreed to serve as the joint escrowee for the plaintiffs and Winsen Ng, the contractor hired to restore the plaintiffs' building.  The plaintiffs deposited $151,000 with the defendant.  The defendant

4

breached her fiduciary duties by distributing the escrowed funds without determining whether the work had been done, failing to obtain lien waivers, failing to obtain independent verification that the work was done as required by the contract, in compliance with the architect's plans and the City of Chicago building code, failing to issue the disbursement checks as joint payee with Mr. Ng and his subcontractors and failing to require proof of payment to Mr. Ng's subcontractors and for the purchase of building materials.  The plaintiffs alleged that the defendant disbursed $151,000 as escrowee that was not used in the restoration of the plaintiffs' building.

Where a party fails to properly respond to a Rule 216 request to admit facts, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contrary evidence.  Robertson v. Sky Chefs, Inc., 344 Ill. App. 3d 196, 199, 799 N.E.2d 852 (2003).  Such an admission is considered incontrovertible and has the effect of withdrawing a fact from contention.  Tires 'N Tracks v. Dominic Fiordirosa Construction Co., 331 Ill. App. 3d 87, 91, 771 N.E.2d 612 (2002).  However, "if the request seeks the admission of a conclusion of law, the request is improper in form and the opposing party's failure to respond does not result in an admission."  Banco Popular v. Beneficial Systems, Inc., 335 Ill. App. 3d 196, 209,

5

No. 1-05-1330

780 N.E.2d 1113 (2002).

The plaintiffs' failure to respond to the defendant's Rule 216 request resulted in their admission to the following pertinent facts: (1) the defendant never had any agreements with the plaintiffs; (2) the defendant did not represent the plaintiffs; (3) the agreement for the defendant to hold certain monies to be distributed to the contractor was between the defendant and the New Asian Bank; (4) a representative of the New Asian Bank inspected the building premises prior to the distribution of the funds; and (5) all monies received by the defendant from the New Asian Bank were properly distributed to the contractor upon a receipt. However, the request to admit that the defendant owed no duty to the plaintiffs sought a legal conclusion and therefore was not an admission. See Chandler v. Illinois Central R.R. Co., 207 Ill. 2d 331, 340, 798 N.E.2d 724 (2003) ("The existence of a duty is a question of law for the court to decide").

In her affidavit as to discipline on consent, the defendant agreed that the following assertions in the petition to impose discipline on consent were true: (1) the defendant agreed to serve as escrowee for insurance proceeds earmarked for the restoration of the plaintiffs' building and to open a separate escrow account; (2) the defendant deposited an insurance proceeds

6

check in the amount of $117,000 in her existing checking account, not a client fund account; (3) between December 3, 1996, and December 12, 1996, the defendant distributed $78,000 to the plaintiffs' contractor and his suppliers, which should have left $38,800 in insurance proceeds in the account; (4) as of December 12, 1996, only $502.86 remained in the defendant's account; (5) by December 12, 1996, the defendant had, without authority, used $38,297.14 of the plaintiffs' insurance proceeds to pay her own personal and business expenses; and (6) on January 31, 1997, the defendant deposited $34,000 in additional insurance proceeds into her existing checking account.

"In order to state a claim for breach of fiduciary duty, it must be alleged that a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiff complains." Moyer, 347 Ill. App. 3d at 122. "Escrowees have been found to owe a fiduciary duty both to the party making the deposit and the party for whose benefit it is made." Moyer, 347 Ill. App. 3d at 123. "Under this analysis, the escrowee owes a duty to act only in accordance with the escrow instructions." Moyer, 347 Ill. App. 3d at 123.

In the context of a cause of action for breach of fiduciary duty, the plaintiffs' admissions established that the defendant entered into an escrow agreement with New Asian Bank. Even

7

though the plaintiffs admitted that the defendant did not represent them or have an agreement with them with respect to the escrow, since the escrow was for the plaintiffs' benefit, she could still be found to owe a duty to them. However, the plaintiffs' admissions contradicted their allegation that the defendant breached her fiduciary duty to them, by admitting that the building had been inspected prior to the distribution of the insurance funds and that all the monies received from the New Asian Bank were properly distributed to the contractor upon a receipt. The question then becomes whether the plaintiffs' judicial admissions may be overborne by the application of the doctrine of judicial estoppel.

"Judicial estoppel provides that a party who assumes a particular position in a legal proceeding is estopped from assuming a contrary position in a subsequent legal proceeding." Bidani v. Lewis, 285 Ill. App. 3d 545, 550, 675 N.E.2d 647 (1996). "'The doctrine of judicial estoppel rests upon public policy which upholds the sanctity of the oath and its purpose is to bar as evidence statements and declarations which would be contrary to sworn testimony the party has given in the same or previous judicial proceedings.'" Bidani, 285 Ill. App. 3d at 549. "[J]udicial estoppel focuses on the relationship between the litigant and the judicial system." Bidani, 285 Ill. App. 3d

at 551.

"Five elements are generally required for the doctrine of judicial estoppel to apply: the party to be estopped must have (1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intending for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it." People v. Caballero, 206 Ill. 2d 65, 80, 794 N.E.2d 251 (2002). The application of the doctrine of judicial estoppel is reviewed under the abuse of discretion standard. Barack Ferrazzano Kirschbaum Perlman & Nagelberg v. Loffredi, 342 Ill. App. 3d 453, 459, 775 N.E.2d 779 (2003).

The first, third and fourth elements are satisfied in that before the ARDC, the defendant acknowledged under oath that she had used the plaintiffs' insurance funds to pay her own bills and expenses, while in the circuit court, she chose to rely on the plaintiffs' judicial admission that she had properly disbursed the insurance funds to prevail on her motions. The third element is satisfied in that the ARDC hearing was a quasi-judicial administrative proceeding. See 166 Ill. 2d R. 753 (inquiry, hearing and review boards); 155 Ill. 2d R. 754 (subpoena power); see also Zych v. Tucker, 363 Ill. App. 3d 831, 835, 844 N.E.2d

9

No. 1-05-1330

1004 (2006) (setting forth the powers that differentiate a quasi-judicial body from a body performing merely an administrative function).

The defendant maintains that the fifth element cannot be satisfied because she did not prevail in the ARDC proceeding. We disagree. In Teledyne Industries, Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990), the court declined to apply judicial estoppel, in part, because the parties had entered into agreed orders that contained no admissions or findings of law or fact. Teledyne Industries, Inc., 911 F.2d at 1219. In contrast, as part of the settlement of the ARDC complaint, the defendant acknowledged, by way of affidavit, her personal use of the plaintiffs' insurance funds.

The application of judicial estoppel in this case does not serve to contradict the facts established by the plaintiffs' admissions. Rather, the doctrine bars the defendant from utilizing those facts to prevail in this case. "'[Judicial estoppel] is to be applied where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum designed for suitors seeking justice," [citation], to prevent litigants from "playing fast and loose with the courts."'" Loffredi, 342 Ill. App. 3d at 466, quoting In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990), quoting Scarano v. Central R. Co.

10

of New Jersey, 203 F.2d 510, 513 (3d Cir. 1953).

Applying the doctrine of judicial estoppel, we determine that the plaintiffs' judicial admissions were overborne by the defendant's admissions in the ARDC proceedings. Therefore, the trial court's judgment in favor of the plaintiffs was not against the manifest weight of the evidence.

Likewise, judicial estoppel barred the defendant from utilizing the plaintiffs' judicial admissions to prevail on her motion for judgment on the pleadings.[2] "'"Judgment on the pleadings is proper only if questions of law, not of fact, exist after the pleadings have been filed." [Citation.]'" County of Cook v. Philip Morris, Inc., 353 Ill. App. 3d 55, 59, 817 N.E.2d 1039 (2004), quoting Chicago Title & Trust Co. v. Steinitz, 288 Ill. App. 3d 926, 934, 681 N.E.2d 669 (1997), quoting Millers Mutual Insurance Ass'n v. Graham Oil Co., 282 Ill. App. 3d 129, 134, 668 N.E.2d 223 (1996). Because judicial estoppel applied,

---

[2]The rule barring review of the denial of a summary judgment motion does not bar review of the denial of motions for judgment on the pleadings. See Elane v. St. Bernard Hospital, 284 Ill. App. 3d 865, 869-70, 672 N.E.2d 820 (1996) (after refusing to review the denial of summary judgment, the reviewing court addressed the merits of the denial of the motion for judgment on the pleadings).

No. 1-05-1330

the trial court properly decided the case in the plaintiffs'
favor based upon the defendant's admissions in the ARDC
proceedings.

Finally, the defendant contends that the trial court erred
when it failed to incorporate properly the plaintiffs' judicial
admissions in its decision.  The defendant waived this argument
by failing to support it with any citation to authority, in
violation of Supreme Court Rule 341(h)(7).  210 Ill. 2d R.
341(h)(7).

In any event, the defendant's argument lacks merit.  The
necessary corollary of the doctrine of judicial estoppel is that
the trial court's role as fact finder is eliminated.  Ceres
Terminals, Inc. v. Chicago City Bank & Trust Co., 259 Ill. App.
3d 836, 856, 635 N.E.2d 485 (1994).  "Accordingly, courts have
warned that the doctrine of judicial estoppel is 'an
extraordinary one which should be applied with caution
[citation], because it "precludes a contradictory position
without examining the truth of either statement."'"  Ceres
Terminals, Inc., 259 Ill. App. 3d at 856-57, quoting Scott v.
Land Span Motor, Inc., 781 F. Supp. 1115, 1119 (D.S.C. 1991),
quoting Teledyne Industries, Inc., 911 F.2d at 1218.  The
application of judicial estoppel in this case precluded the use
of the plaintiffs' judicial admissions and, therefore, the

12

No. 1-05-1330

failure to incorporate the admissions was not error.

The judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN and SOUTH, JJ., concur.