THIRD DIVISION
December 5, 2007

No. 1-06-2762

| | | |
|---|---|---|
| *In re* MARRIAGE OF CINDY MANHOFF, | ) | |
| | ) | Appeal from |
| Petitioner-Appellee, | ) | the Circuit Court |
| | ) | of Cook County. |
| | ) | |
| and | ) | |
| | ) | |
| DEAN MANHOFF, | ) | Honorable |
| | ) | Mark Joseph Lopez, |
| Respondent-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Respondent Dean Manhoff appeals from an order of the circuit court of Cook County denying his motion to strike and dismiss petitioner Cindy Manhoff's emergency motion to restrict visitation with the parties' children and for a finding of visitation abuse. Respondent also appeals from an order of the circuit court denying his motion for reconsideration of a court order permitting him only supervised visitation with the parties' children. On appeal, respondent contends that: (1) the circuit court lacked jurisdiction to conduct an emergency hearing where petitioner did not attach an affidavit to her petition as required by circuit court rules; (2) the circuit court erred in finding that respondent's alleged actions constituted a substantial endangerment to the parties' children; and (3) respondent was denied his rights to a fair trial and due process where he did not have the opportunity to present a defense at the emergency hearing. For the following reasons, we affirm.

1-06-2762

Cindy and Dean were married on October 4, 1987, and the marriage was registered in Cook County, Illinois. Three children were born to the parties during the course of their marriage, namely: Jacob, born May 1, 1998; Zachary, born February 1, 2001; and Nicole, born May 5, 2002. On April 30, 2002, Cindy filed a petition for dissolution of marriage. On September 27, 2005, the circuit court entered a judgment for dissolution of marriage, which incorporated a marital settlement agreement and a parenting agreement executed by the parties. Pursuant to the parenting agreement, Cindy was awarded sole custody of the parties' children with Dean having visitation with the children on alternating weekends and every Wednesday evening, telephone contact, and visitation on alternating holidays.

On June 14, 2006, Cindy filed an emergency petition to restrict visitation and for a finding of visitation abuse. In her petition, Cindy alleged that Dean engaged in misconduct relating to visitation with the parties' children. Cindy alleged, *inter alia,* that on June 7, 2006, Cindy, the parties' three children, Cindy's boyfriend Alfred Weltmann, and the children's nanny Joanne, were at Cindy's home waiting for Dean to pick the children up for visitation. Pursuant to the judgment, Dean was to pick up and drop off the children curbside and was not to enter Cindy's property. Cindy alleged that Dean arrived to pick up the children and Alfred heard Dean ask, "Why is he [Alfred] here? You don't want him here do you? Why is he always here? He's staring at me. He wants to hurt me. He wants to beat me up." Jacob then walked back into the house and was crying. Dean motioned through the screen door for Alfred to come outside. Alfred declined and Dean said, "I just want to make sure you get it all taped. You're probably taping this." Dean then said, "I need drugs, do you have some you want to sell me? Is your son selling them yet?"

-2-

Alfred responded by saying, "This is the reason that you and Cindy can't be together" and Alfred closed the door. Dean continued speaking to Nicole and Zachary and told them "Go ask him why he's staring at me, go ask him? I want you to go ask him." Cindy alleged that Nicole then came into the house, smiled uncomfortably at Alfred, did not say anything, then went outside again. Dean then asked Nicole, "Did he holler at you? I heard he hollers at you. He hollered at you right?" Jacob then went outside. Shortly thereafter, Dean yelled, "Where is Joanna? Send her out here!" Cindy alleged that Joanne was afraid and went into the kitchen. Dean continued to yell, "Send her out here!" Alfred then opened the door and told Dean that Joanne did not want anything to do with him. Dean then yelled, "No, it's you! My kids want nothing to do with you! You're a drug dealer! You don't belong there! What are you doing there!" Alfred closed the door and Dean began calling the house from his cellular telephone. Dean continued to call the house for 20 minutes then left. Joanne was fearful and asked Alfred to follow her out of the house.

In her petition, Cindy also alleged that, later that day, Dean returned the children and engaged in further abusive behavior. Dean stood in front of Cindy's home and yelled, "Where's fat and sloppy? Your mom is going to get me in trouble again. I'm sure they are up to something again. They don't want me to see you ever." Dean told Jacob that Cindy and Alfred were taping him and directed Jacob to search bushes in front of the home for a tape recorder. Once inside the house, the children asked Cindy, "Why is dad going to be in trouble? Why does Alfred make faces at dad?" Cindy also alleged that on May 24, 2006, Zachary told her that Dean entered her home while she was away.

1-06-2762

In response to Cindy's petition, on June 14, 2006, Dean filed a motion to strike and dismiss Cindy's emergency petition. In his motion, Dean alleged, *inter alia*, that because Cindy's petition was verified, rather than supported by affidavit, it violated Cook County Circuit Court Rule 13.4(d)(ii)(B) (Cook Co. Cir. Ct. R. 13.4(d)(ii)(B) (eff. April 8, 2002)), which requires an affidavit for emergency motions filed in the circuit court. Dean also alleged that Cindy failed to plead that he "seriously endangered" the children.

Later that same day, June 14, 2006, the circuit court conducted an evidentiary hearing. The parties acknowledge that the court heard testimony from Cindy, Alfred, and Dean concerning the incident on June 7, 2006. The record does not contain a report of these proceedings. The circuit court entered an order in which the court found that Cindy and Alfred were more credible than Dean; that Dean was incredible; and that Dean made the statements alleged in Cindy's petition and Dean had his children search for a tape recorder as alleged in Cindy's petition. The court also found that Dean's behavior was "not only disturbing but egregious and warrants a modification of the Joint Parenting Agreement," and that Dean's behavior is "a substantial endangerment" to the well-being of the parties' three children. The court ordered that Dean shall have supervised visitation with a professional supervisor until further ordered by the court and that Dean shall be solely responsible for the cost of the supervisor. The court stated that this matter is "found to be an emergency" and that portions of Cindy's pleading that related to incidents that occurred prior to the entry of the judgment for dissolution of marriage were stricken.

On June 30, 2006, Dean filed a motion to vacate the June 14, 2006, order or, in the

-4-

alternative, a motion for retrial or modification. In his motion, Dean alleged that he had not been given sufficient notice of Cindy's petition where he received it at 5 p.m. on the evening before the emergency hearing; that there was no expert testimony at the hearing; and that the testimony from Cindy and Alfred was incredible. On July 6, 2006, Dean filed an amended motion to vacate the June 14, 2006, order, in which he alleged that Cindy's petition did not comply with Cook County Circuit Court Rule 13.4(d)(ii) and should be vacated.

On September 11, 2006, the circuit court entered an order which, *inter alia*, denied Dean's amended motion to vacate the June 14, 2006, order or, in the alternative, a motion for retrial or modification. Dean filed a notice of appeal from the circuit court's orders on June 14, 2006, and September 11, 2006.

On June 18, 2007, this court denied Cindy's motion to dismiss this appeal for want of appellate jurisdiction. On June 28, 2007, this court denied Cindy's motion to dismiss this appeal for two separate and independent reasons, in which Cindy alleged that this appeal is moot because the circuit court had entered a new order based upon new allegations of misconduct by Dean, and Cindy alleged that this appeal should be dismissed based on Dean's failure to provide a complete record on appeal.

On appeal, Dean first contends that the circuit court erred in accepting Cindy's petition on an emergency basis where Cindy's petition failed to include an affidavit as required by Cook County Circuit Court Rule 13.4(d)(ii).

"A local rule has the force of a statute and is binding on the trial court as well as the parties." Moy v. Ng, 341 Ill. App. 3d 984, 989 (2003), abrogated on other grounds by Vision

-5-

1-06-2762

Point of Sale, Inc. v. Haas, 226 Ill. 2d 334 (2007). However, our supreme court rules control

over a local circuit court rule. Moy, 341 Ill. App. 3d at 989. Illinois Supreme Court Rule 21(a)

vests circuit courts with the power to adopt local rules governing civil and criminal cases as long

as they do not conflict with supreme court rules or statutes, and so far as practical, they are

uniform throughout the state. 134 Ill. 2d R. 21(a); Moy, 341 Ill. App. 3d at 989-90.

Cook County Circuit Court Rule 13.4(d)(ii), which governs domestic relations

proceedings, provides:

"(ii) Emergency Matters.

A. Emergency matters shall be heard at a time and day designated by the judge

hearing same.

B. The nature of the emergency and the reason why the matter should take

precedence over other motions shall be stated with particularity in a verified

petition. Affidavits by persons having knowledge of the facts giving rise to the

emergency shall accompany the petition.

C. If the court does not deem the matter to be an emergency, the movant shall set

the matter on the motion call, by filing the motion with the Clerk of the Circuit

Court." Cook Co. Cir. R. 13.4(d)(ii)(A), (B), (C) (eff. April 8, 2002).

Here, Cindy's emergency petition to restrict visitation and for a finding of visitation abuse was

verified by Cindy pursuant to section 1-109 of the Code of Civil Procedure (Code) (735 ILCS

5/1-109 (West 2006)). However, Dean argues that Cindy's verification was insufficient where

1-06-2762

circuit court Rule 13.4(d)(ii) required the submission of an affidavit. We disagree.

Effective January 1, 1984, the Code was amended to permit pleadings to be verified by certification. 735 ILCS 5/1-109 (West 2006); In re Marriage of Betts, 172 Ill. App. 3d 742, 745 (1988). Via the Civil Practice Law (735 ILCS 5/2-101 *et seq.* (West 2006)), section 1-109 of the Code was made applicable to the provisions of the Illinois Marriage and Dissolution of Marriage Act (Act) by subsection 105(a) of the Act. ( 750 ILCS 5/105(a) (West 2006)). Betts, 172 Ill. App. 3d at 745.

Section 1-109 of the Code specifically provides that, "Unless otherwise expressly provided by rule of the Supreme Court, whenever in this Code any complaint [or] petition *** is required or permitted to be verified, or made, sworn to or verified under oath, such requirement or permission is hereby defined to include a certification of such pleading ***." 735 ILCS 5/1-109 (west 2006). Section 1-109 also states that, "Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with the same force and effect as though subscribed and sworn to under oath." 735 ILCS 5/1-109 (West 2006).

Here, circuit court Rule 13.4(d)(ii) required that Cindy's emergency petition state the nature of the emergency "with particularity in a verified petition" and that affidavits by persons having knowledge of the facts giving rise to the emergency accompany the petition. Cook Co. Cir. Ct. R. 13.4(d)(ii)(B) (eff. April 8, 2002). Cindy's petition included a certification under section 1-109 of the Code, in which she certified that she believed the matters stated in the petition to be true. We find that the petition was not defective because it was certified rather than

1-06-2762

accompanied by an additional affidavit by Cindy. See Betts, 172 Ill. App. 3d at 744-45 (petitions to show cause for failure to pay child support were not defective because they were certified rather than verified by affidavit); Griffin v. Universal Casualty Co., 274 Ill. App. 3d 1056, 1063 (1995) (certification of portion of defendant's motion to dismiss under section 2-619 of the Code was equivalent of affidavit for purposes of rule governing the defendant's submission of affidavits in support of his motion to dismiss); Hoxha v. LaSalle National Bank, 365 Ill. App. 3d 80, 85 (2006) (successor beneficiary's section 1-109 certification of answer to complaint for specific performance that beneficiary had no knowledge sufficient to form belief regarding authenticity of former beneficiary's signature on sales contract was sufficient to stand as verification of truth of lack of knowledge to deny allegation that former beneficiary signed the agreement).

Dean next contends that the circuit court erred in finding that Dean's alleged actions constituted a substantial endangerment to the parties' children and restricting Dean's visitation.

"Matters of child visitation privileges rest largely in the broad discretion of the trial court, and its determinations with respect thereto should not be disturbed on appeal unless a manifest injustice has been done." In re Marriage of Marshall, 278 Ill. App. 3d 1071, 1078 (1996). "The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral or emotional health." 750 ILCS 5/607(c) (West 2006); Marriage of Marshall, 278 Ill. App. 3d at 1078. "Where the proceeding is by a custodial parent to restrict or deny visitation, the burden is upon the custodial parent to prove by a preponderance of the evidence that the visitation then

-8-

provided endangers the welfare of the children." Marriage of Marshall, 278 Ill. App. 3d at 1078.

In this case, the circuit court determined that Dean's behavior was "not only disturbing but egregious and warrants a modification of the Joint Parenting Agreement," and that Dean's behavior was "a substantial endangerment" to the well-being of the parties' three children. The court ordered that Dean shall have supervised visitation with a professional supervisor until further ordered by the court. While the parties acknowledge that a hearing was conducted in which the court heard testimony from Cindy, Alfred and Dean, the record does not contain a transcript, bystander's report, or agreed statement of facts of the circuit court hearing. In the absence of such record on appeal, we must presume that the circuit court followed the law and had a sufficient factual basis for its ruling. See In re Marriage of Thomsen, 371 Ill. App. 3d 236, 241 (2007). We therefore cannot say that the circuit court's decision was against the manifest weight of the evidence or constituted an abuse of discretion.

Dean lastly contends that he was denied his rights to a fair trial and due process where the circuit court conducted an emergency hearing, wherein Dean did not have the opportunity to raise a defense or properly defend himself. Dean argues if the court had determined that no emergency existed and given Cindy's petition a regular hearing date, Dean would have been given sufficient notice to prepare to defend the allegations. As previously noted, Dean has failed to provide a reporter's transcript, bystander's report, or agreed statement of facts of the circuit court proceedings in the record. We therefore presume that the circuit court followed the law and had a sufficient factual basis for its ruling that an emergency hearing was appropriate in this case.

Marriage of Thomsen, 371 Ill. App. 3d at 241. In addition, the record shows that after receiving Cindy's petition, Dean prepared and submitted a motion to strike and dismiss Cindy's emergency petition. Dean also has failed to identify any arguments or defenses that he was precluded from presenting before the circuit court. Accordingly, we find that Dean's argument is without merit.

For the above stated reasons, we affirm the judgment of the circuit court.

Affirmed.

GREIMAN and THEIS, JJ., concur.